JOHN ELDER, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

From the facts set forth in this record, the verdict of the jury is sustained by the evidence, and it was not error in the judge of the superior court to refuse to grant a new trial.

New trial.    Before Judge HOPKINS.    Fulton Superior Court.    October Term, 1873.

John Elder was indicted for the offense of perjury, alleged to have been committed in May, 1872, upon the trial of Frank H. Hall for an assault with intent to commit murder. He pleaded not guilty. Substantially the following evidence was introduced:

Thomas Spencer, the stenographic reporter, who took down the testimony upon the trial of Hall, testified that a witness by the name of John Elder was sworn upon said trial, but whether the defendant was such person he was unable to state; that from his short-hand notes he was enabled to give precisely Elder's testimony.

This evidence was, in brief, that he was present and witnessed the difficulty, which resulted in the shooting of Cushman by Hall; that he was standing on the steps leading up to the ladies' entrance to the Kimball House, on Pryor street, in the city of Atlanta; that the difficulty occurred in front

of the door next to the said ladies' entrance.    Then followed a detailed statement of the difficulty, unnecessary to be set forth.

Frank H. Hall testified that the defendant was the same John Elder as was sworn by the prosecution upon his trial. That said witness was not present at the difficulty he had with Cushman.    That his testimony was false from beginning to end, except in the statement that he (Hall) shot Cushman.

T. P. Westmoreland testified that he was of counsel for Hall upon his trial, and remembered that the defendant was sworn for the prosecution.    That his recollection was distinct upon this point as his attention was particularly called to his evidence, because his client had stated to him that he was not present at the difficulty.

Isaiah Sandford testified that at the time Hall shot Cushman the defendant was with him in the basement of the Kimball House; that both of them heard the report of the pistol; that the defendant then went up stairs and was soon followed by witness.

Caroline Southwell testified that the defendant boarded at her house and was indebted to her; that shortly before Hall's trial he stated to her that Cushman and Kimball were to pay him $50 00 each for being a witness, and that as soon as they settled with him he would pay her.    That he also stated to her that if Miss Lizzie Brazleton would raise $50 00 for him he would clear Mr Hall.    That Miss Brazleton was not related to Hall but was engaged to be married to him.

Lizzie Brazleton testified that since Hall's trial, two days before he was sent to the penitentiary, the defendant stated to her that if she would pay him $50 00 he "would say words that would release Hall from jail."    That he was then endeavoring to procure a pardon.    That she is still engaged to be married to him; that she expects the ceremony will be solemnized when he is released from the penitentiary.

The defendant, by his statement, reiterated the truth of his testimony given upon the trial of Hall, and denied all assertions to the contrary.

The jury found the defendant guilty. He moved for a new trial because the verdict was contrary to the law and the evidence. The motion was overruled and he excepted.

S. B. SPENCER; W. F. WRIGHT, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

McCAY, Judge.

We have gone carefully over the evidence contained in this record, but we are unable to find any such a state of facts as will justify us in ordering a new trial. We have so often announced that we do not judge it to be within the sphere of our duties to reverse a judgment of the circuit judge refusing a new trial on the evidence, where the facts are such that a fair mind might honestly come to the same conclusion as the jury, that we will not attempt, at this time, to reassert the rule or to give our reasons for it. Without question, if Isaiah Sanford tells the truth, this defendant is guilty. He swore positively, on Hall's trial, that he was present at the fight and saw the pistol fired. This fact, his presence, was of the utmost importance on the trial of Hall, since it was only because of his presence that he knew anything about it. If he was not present, his whole statement was perjury. Isaiah says that the defendant was not present, and he details various facts which, if true, are *absolutely* inconsistent with his presence. Hall testifies the same thing just as positively, and the testimony of both is corroborated, at least to some extent, by the the testimony of the two women as to the prisoner's statements to them. The only question there can be in this matter is whether the rule that in trials for perjury one witness is not sufficient to convict, controls this case. Isaiah Sanford is a positive witness; he says the prisoner was not present at the rencontre between Hall and Cushman, and that he did not see the pistol fire, or hear or see what he swore to on Hall's trial. Hall, a competent witness under the act of 1866, notwithstanding his conviction for a felony, swears the same thing. These are

two witnesses, and the circumstances stated by the two female witnesses, though they are not at all conclusive, are certainly corroborative of Hall and Sanford. This fulfills the letter of the law, and the question becomes one simply of credibility. It is not necessary for us to say that the verdict is right, that the jury ought to have found just such a verdict under the testimony. Under the law the verdict must stand, if, under the evidence, a fair-minded man might honestly be satisfied of the guilt of the accused. We think a fair-minded man might so find. He might believe Sanford and Hall. Sanford's testimony is very credible. Though an ignorant man, he seems a very frank and honest one, and though his occupation be a very humble one, yet his story is consistent, reasonable, plausible. If to this be added Hall's testimony and that of the two women, we do not feel it in our conscience to say that a jury must have acted from passion, prejudice or bias, to find the verdict complained of.

Judgment affirmed.