## 4706. STRICKLAND v. THE STATE.

1. Where, in the trial of a criminal case, the accused puts his character in issue, it is the right of the State to introduce evidence that his character is bad.

2. Where, on a trial for burglary, it appeared that a witness for the State concealed himself under the house because he suspected that a burglary would be attempted by the accused, it was not error requiring a new trial that the witness was allowed to state, in explanation of his presence under the house, that it had been reported to him that the accused stated that he knew there was money in the house and he intended to get it on a certain night—the night when the witness concealed himself under the house; it appearing, from uncontradicted evidence, that the accused actually entered the house while the witness was hidden under it.

3. Proof of a breaking being essential in a prosecution for burglary, it is error to charge that if the accused entered the house with intent to steal, he would be guilty. Such a charge requires a new trial in a case where it is doubtful, under the evidence, whether a breaking has been shown.

4. The following charge was erroneous, both because it omitted the essential element of a breaking, and because it contained an expression of an opinion in reference to a matter in issue under the evidence, viz., whether the accused unlocked a door. in order to enter the house: "If he went into the house expecting to take therefrom anything that did not belong to him, and that he had no right to take, and he knew he had no right to take, then he would be guilty of the offense of burglary, by reason of the fact that he went in the house, and unlocked the door to enter it."

5. Where the uncontradicted evidence shows that the property alleged to have been stolen is less than $50, it is not reversible error so to charge, though the better practice is to leave the question of value to be determined by the jury, since they are not always bound by the opinion of witnesses on this subject.

DECIDED APRIL 16, 1913.

Indictment for burglary; from Pierce superior court—Judge Parker. January 3, 1913.

*Walter A. Milton, E. H. Williams,* for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.

POTTLE, J. The indictment contained two counts,—one for burglary and the other for larceny from the house. The accused was convicted of burglary. We have read the evidence carefully, and it is extremely doubtful whether there was any proof of a breaking. There is ample evidence that the accused entered the house, and that he unlocked an inside door where property alleged to have been stolen was located. In order to make out the offense of burglary, it is absolutely essential that the State should prove that the house itself was entered in some way which would, in law, be

denominated as a breaking. If one should enter a house through an open door or window, he would not be guilty of burglary merely because after entering the house he unlocked a door in a room in the house for the purpose of stealing property therein located. *White* v. *State,* 51 *Ga.* 286; *Lockhart* v. *State, 3 Ga. App.* 480.

The evidence in this case fails to show distinctly how the accused entered the house. The trial judge charged the correct definition of burglary, but, after so doing, instructed the jury, in effect, that if the accused entered the house with intent to steal property therein located, he would be guilty of burglary. Of course, this was error. It was doubtless an inadvertence on the part of the trial judge that he failed to include the essential element of breaking. The charge quoted in the fourth headnote was a violation of the statute prohibiting the trial judge from intimating or expressing an opinion upon the evidence. As stated above, it is very doubtful whether the jury could properly find that the accused entered the house through a door which he had unlocked. It was therefore erroneous and prejudicial for the judge to state, as a fact, that the accused "went in the house, and unlocked the door to enter it." Doubtless, the judge intended the word "if" to qualify this last statement; but the language as used is not susceptible of such construction.

Where proof of value is essential, the better practice is to leave the jury free to determine this question without any intimation or expression of opinion from the trial judge. Generally, where the evidence is undisputed that the property is of less value than $50, it will not be reversible error for the trial judge to charge the jury as he did in this case, that if they should find the accused guilty of larceny from the house, it would be a misdemeanor. But since juries are not always bound by the opinion of witnesses as to the value of an article, the safe rule is to leave this matter wholly to their determination, irrespective of the evidence on that subject. *Great American Fire Asso.* v. *Jenkins,* 11 *Ga. App.* 784. Under the evidence appearing in the record, it is very doubtful whether a conviction of any other offense than that of simple larceny or of an attempt to commit larceny from the house would be authorized, the accused having been apprehended and the property having been taken from his possession before he left the house. We make no express ruling, however, upon the evidence, for it may be different upon another trial. *Judgment reversed.*