10502. TREMBLE, alias SHEPHERD, *v.* THE STATE.

The breaking and entering necessary to constitute burglary were not shown by the prosecutor's testimony that some one went into his store when he was gone,—went in through the window "where a glass 12 by 16 was broken out 4 feet from the door," or "slipped in the store" before it was closed up; and a conviction of that offense was unauthorized.

DECIDED JUNE 13, 1919.

Indictment for burglary; from Butts superior court—Judge Searcy. April 1, 1919.

*O. M. Duke,* for plaintiff in error.

*E. M. Owen,* solicitor-general, contra.

BLOODWORTH, J. 1. Plaintiff in error was convicted of burglary. In *White* v. *State,* 51 *Ga.* 285, the headnote is as follows: "If one enter a house with intent to commit a felony, but the entering is through an open door without any breaking, actual or constructive, the offense is not burglary; nor, under our Code, § 4386 [§ 146 of the Penal Code of 1910], is it a sufficient 'breaking and entering into,' that having entered with intent to commit a felony, he un-bolts a door to get out." The prosecutor in the instant case swore: "Some one went in my store when I was gone to supper; they went in through the window of my store, where a glass 12 by 16 was broken out 4 feet from the door, or he slipped in the store before I closed up and went to supper." Applying the above-stated rule of law to the evidence just quoted, it will be readily seen that a verdict for burglary was unauthorized, and is without evidence to support it. See also *Williams* v. *State,* 52 *Ga.* 581; *Strickland* v. *State,* 12 *Ga. App.* 640 (3) (70 S. E. 1070).

2. In view of the foregoing ruling, it is unnecessary to consider the other assignments of error.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*