## 16200. SIMS v. THE STATE.

LUKE, J. The accused was charged with burglary and was convicted of that offense. The evidence demanded a verdict of larceny from the house, but did not authorize the verdict returned, since there was no evidence, either direct or circumstantial, that showed a breaking, and proof of a breaking is essential in a prosecution for burglary. *Strickland* v. *State*, 12 *Ga. App.* 640 (3) (77 S. E. 1070). It follows that the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 28, 1925.

Indictment for burglary; from Wilkes superior court—Judge Shurley. November 29, 1924.

The prosecutor testified that he missed from his home a gold ring and a $2.50 gold coin, his property; that the defendant told him where the ring could be found, and it was found at that place; that the defendant said also that he had the gold coin, and said that he got it "out of the trunk in the house"; that "he told how he got in the house, that he went in a window on the east side of the house." Another witness testified that a $2.50 gold coin was found on the defendant, and that he stated that he "got it out of the house." The defendant, in his statement at the trial, said, "I plead guilty to getting that money." He did not say where or how he got it.

*Hugh E. Combs*, for plaintiff in error.

*M. L. Felts, solicitor-general*, contra.