McCay, Judge.
1. The offense was charged to have been committed in the night of a certain day; and the objection is that the indictment does not specify the hour. The last, clause of section 4320 of the Code, in defining burglary, says: “Burglary may be committed in the day or night;” and the next two sections prescibe the punishment for “burglary in the day time” and “burglary in the night.” It may be remarked, that by the Act of October 5th, 1868, the penalty for burglary in the night has been changed to imprisonment in the penitentiary, in all cases. We cannot see any reason why the hour of the night in which the offense is charged to have been committed should be specified, which would not apply to setting out the hour of the day. The evidence must show in each case whether it was day or night,'and when that was shown the hour would be immaterial. By the common law burglary could only be committed in the night, and “the common law now is, and for a long period has been, that those portions of the morning and evening in which, while the sun is below the horizon, sufficient of his light is above for the features of a man to be reasonably discerned, belong to the day. Tight reflected from the moon is not to be taken into the account: 1 Bishop on Criminal Taw, section 163. In England and in some of the United States, an hour has been fixed by statute for night, in law, to begin and close. But we have no such provision.
2. Burglary, by the Code, section 4320, is defined to be “the breaking and entering into the dwelling, mansion or store house or other place of business of another where valuable goods, wares, produce or any other articles of value ar<p contained or stored, with intent to commit a felony or larceny.” It is contended that if the house be not a dwelling, mansion or storehouse, it must be a place of business of another, where the business carried on is similar to that which appertains to *a store house, or in the language of the objection, the other place of business must be “of the nature of a store house.” This objection is founded on the rule that where particular words in a statute are followed by general words, the latter are restricted to like objects as those specified. In the *381 definition given in the Code, of burglary, the words, “or other place of business of another,” are further defined by the qualification “where valuable goods, wares, produce or any other article of value are contained or stored,” and when the two terms of the sentence are put together just as they occur in the Code, the places where burglary may be committed, beside dwellings, mansions and store houses, are as distinctly specified as if they were expressly limited to those three. Indeed, those other places are more accurately described and have a more express definition by the terms of the law itself, than the word store house. The Code enlarges the number of places wherein the offense of burglary may be committed beyond that of the common law; and obviously intended the use of words, .the ordinary signification of which was clear and commonly, understood, to throw a strong protection around the place of business of the citizen where any article of value was contained or stored, by making any one who breaks and enters into them with intent to commit a felony or larceny, a burglar, and punishing him as such. In Holland vs. The State, 39 Georgia, 455, where the question was on the construction of an Act which said, it shall not be lawful for any person in this State to make any spirituous liquors “out of an)r corn, wheat, rye or other grain, except for medical purposes,” etc., it was held that the seed of millet or sugar-cane was included in the words ‘.‘other grain.” In 40 Georgia, 689, the words of a penal statute were any E O, or A B C table, or Roulette table, or other table of like character,” and were construed to embrace a table at .which the game called “Keno” was played, and it was held that “the plain intent of the statute” required such a construction. Also in 3 Georgia Reports, 18, that a person who kept open a tippling house on the Sabbath, was guilty of a violation of the statute *which prohibited the keeping open tippling houses on that day. In 5 Wheaton Reports, 76, Marshall, Chief Justice, says: “That although penal laws are to be strictly construed, they are not to be construed so strictly as to defeat the obvious intention of the Legislature. The maxim is not to be applied so as to narrow the words of the statute to the exclusion of cases which those words, in their ordinary acceptation, or in that sense in which the Legislature has obviously used them, would comprehend. The intention of the Legislature is to be collected from the words they employ.” We think the intention of the Legislature in this section of the,Revised Code, which was taken from the Acts of 1866, is clear, that the words, “other place of business of another where valuable goods, wares, produce or any other article of value are contained or stored,” are not restricted to mean simply a place of the nature of a storehouse.
3. The same rule of construction applies to the words “goods, wares, produce, etc.” It does not matter what felony is intended, or of what the larceny is intended, if the breaking and entering be into a place wherein burglary may be committed. A person may break and enter into a storehouse or other place, etc., *382 where wheat is contained or stored, with intent to commit rape or murder, or to steal money or whatever of value may be therein and be guilty of burglary. If “the place” answer the description of the law, the felony or larceny intended may be as various as the statutes defining acts of felony or larceny. It is the intent to steal, so far as the larceny is concerned, and not the kind, of “article of value” which is stolen or intended to be stolen that makes the offense complete.
4. There was strong evidence to support the verdict, and we do not feel authorized to grant a new trial on the ground that the verdict was contrary to law or the evidence.
Judgment affirmed.