JOSEPH McELREATH, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

As a mill-house is not one of the buildings expressly mentioned in the statute defining burglary, and as it may or may not be a place of business, an indictment for burglary which alleges the offense to have been committed by breaking and entering a mill-house with intent to steal, and which neither by description nor substantial averment, designates the house as a place of business, is fatally defective, and judgment thereon will be arrested.

    JACKSON, Judge, dissenting.

A mill-house, *ex vi termini*, is a place of business where valuable goods are stored, and would be so understood by the jury, without additional descriptive words in an indictment for burglary, especially where it is alleged that it was the intent of the defendant to steal corn therefrom.

Criminal law. Indictment. Burglary. Before Judge KNIGHT. Forsyth Superior Court. August Term, 1875.

Reported in the opinions.

GEORGE N. LESTER; J. S. CLEMENTS; R. P. LESTER, for plaintiff in error.

C. D. PHILLIPS, solicitor general, for the state.

BLECKLEY, Judge.

Is a mill-house so certainly a place of business that no description of it, as such, nor any averment that it is such, is required in an indictment for burglary? It is not one of the buildings expressly named in the definition of this offense, in the Code, section 4386. There is no legislative declaration that a mill-house is a place of business, or the subject of burglary. At common law, to break and enter such a building was not burglary; nor is it burglary now by statute, unless the particular building broken and entered be a place of business. Its being a place of business is of the essence of the offense. That is the legal *nexus* between a mill-house and burglary. Place of business, and not mill-house, is the burglary element; but mill-house is alleged, and place of business is not.

McElreath *vs.* The State of Georgia.

The truth is that a mill-house may or may not be a place of business; and consequently, when there is no allegation that the particular house broken and entered was a place of business, the whole indictment may be strictly true, and yet no burglary have been committed. Can it be said, with reasonable certainty, that the grand jury who returned this bill true, had it proved before them, or have found on oath that the house which McElreath broke and entered was a place of business. Might not a witness swear truly to every word in the indictment and be wholly free from perjury, and yet the mill-house described have been one, either never used for business, or long since used, and for many years disused. A mill-house is as correctly described by that name before business is done in it or after it is discontinued, as while it is used for business. As long as it contains a mill, and sometimes much longer, it is called a mill-house, certainly as long as the mill remains. If this indictment even designated the kind of mill, while I think it would still be insufficient, it might possibly be some better than it is. Saw-mill, grist-mill, cotton-mill, sugar-mill, bark-mill, bone-mill, iron-mill, cider-mill, which of these was it, and which of them are we to presume always in use? or are we to suppose that all mills that are in houses are carried on actively in some sort of milling business? The indictment alleges that the prisoner stole corn from this mill-house; and from that we might conjecture that if business were carried on there at all, it was connected with corn, if it were not that the indictment alleges also, that he stole tobacco and tallow, as well as corn.

An indictment for felony, involving as it does either the loss of life or the loss of liberty, with degradation of character, should charge every material fact with full legal certainty. If not framed in the language of the Code, it should, at least, be in language as clear and explicit. The Code, in defining burglary, uses the words "place of business." Provided the substantial meaning of these words be alleged, a considerable deviation from the words themselves would be admissible. For instance, place of occupation, place of pursuit, place of

employment, house of business, etc., would, doubtless, be deemed sufficient. The business element would thus be brought into the indictment in a way to make the grand jury and the witnesses responsible for it; but mill-house, slaughter-house, law-office, blacksmith-shop, and such like terms ought not to be accepted as substitutes, in themselves, for the words of the Code, because their application to buildings does not depend on actual business in progress at the time, but very often, on the purpose for which they were constructed, or on that for which they are designed and ready to be used, or have been used in times past.

The chief justice and myself are of opinion that the judgment should be arrested; and as this will entirely dispose of the present indictment, the motion for new trial has not been, and need not be, considered.

Judgment reversed.

WARNER, Chief Justice, concurred, but furnished no written opinion.

JACKSON, Judge, dissenting.

The indictment charges substantially that the defendant broke and entered into a mill-house, with intent then and there to steal, and wrongfully and fraudulently take and carry away certain tobacco, corn and tallow, naming the lot of tobacco and tallow, and the number of bushels of corn, and the value of each. It alleged the ownership of the mill-house, and of the property, and stated that the property was then and there in the same mill-house. A motion was made to arrest the judgment on the ground that the indictment was insufficient; the court overruled the motion, and this is the error assigned.

The main question is, does the word mill-house, *ex vi termini*, mean a place of business, so that the jury can understand it? or is it necessary to add to the word mill-house, that it is a place of business? My brethren think it necessary to add those words. I do not. The language of the statute is

"dwelling, mansion, or store-house, or other place of business," where any article of value is contained. Well, tobacco, tallow and corn, are alleged to have been contained in this mill-house, and they are alleged to have been of value. The business of a mill-house is to keep corn to grind; it seems from the indictment corn was stored therein; therefore, the indictment, on its face, in addition to the language "mill-house," which means a place of business for grinding corn, shows that corn was stored therein, and it seems to me a jury would, from this charge, gather at once what sort of business was done in this mill-house, as well as that some business was done there, that it was a place of business, to-wit: of the business of grinding corn. Again, I suppose that tallow is a very necessary article about a running mill, to use in its machinery; tallow was stored here, and from this fact on the face of the indictment, I think it clear that the jury would know from the indictment that the mill was a place of business, and actually running. As to the tobacco, I suppose the miller chewed, and it was there for that purpose.

The Code declares that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of the Code, or so *plainly that the nature of the offense charged may be easily understood by the jury.*" Now, though mill-house be not the word used in the Code, yet I honestly think that the jury could easily understand that it was a place of business, and the corn and tallow being in it, that it was *then* a place where the business of grinding corn was carried on. If, then, this section of our Code, 4628, means anything, it means that this indictment is "sufficiently technical and correct," and "shall be deemed" so by the courts. In accordance with the legislative will, I deem it so, and so pronounce it.

Again, section 4623 of our Code declares that "no motion in arrest of judgment shall be sustained for any matter not affecting *the real merits* of the offense charged in such indictment." How the omission to call a mill-house where corn and tallow are stored, a place of business, can be construed to

affect the *real merits* of this offense, I cannot see. Suppose the charge had been in a banking-house, and the intent to steal bank bills was charged, and the indictment alleged that the bank bills were in that house, could it be seriously contended that the jury could not *easily understand* it to be a place of business, or that the omission to say it was then and there a place of business affected the *real merits* of the offense? I really think not. But it may be said that though *once* a place of business, there is no allegation that it was such a place *then*, when the burglary occurred. I reply, the fact that corn was there showed it still a place of business, just as the fact that bank bills were in the banking-house would show it still a place of business. Therefore, I would, if I could, affirm the judgment of the court below, and, without further expense and delay, punish this convicted burglar and thief.