WILLIAMS *et al. vs.* THE STATE OF GEORGIA.

[This case was argued at the last term and the decision reserved.]

1. That some of the jurors who found an indictment, regular on its face, were not regularly summoned and empaneled, is matter for plea, not for demurrer.

2. Where an indictment for burglary, in one count, alleged the larceny by the defendant from the house broken and entered, of goods to the value of $150.00, two offenses are charged, viz: burglary and larceny

from the house of more than $50.00, and after verdict of guilty of the latter, the judgment will not be arrested, although the indictment might have been held bad on special demurrer.

3. The verdict is contrary neither to the law nor the evidence.

Criminal law. Practice in the Superior Court. New trial. Before Judge Tompkins. Chatham Superior Court. November Term, 1876.

. Reported in the opinion.

R. D. WALKER, Jr., by brief, for plaintiffs in error.

A. B. SMITH, solicitor general; W. G. CHARLTON, for the state.

WARNER, Chief Justice.

The defendants were indicted for the offense of "burglary in the night," and charged with breaking and entering the store-house of Pauleen & Co., with intent to commit a larceny, and one box of cigars, three rolls of cloth, and other specified articles, of the value of $150.00, then and there being found, did wrongfully, feloniously and fraudulently take and carry away, with intent to steal the same. On being arraigned, the defendants demurred to the indictment, on the ground that it was found by an illegal grand jury, that only thirteen of the original panel who were summoned appeared at the court, when the presiding judge ordered the panel to be filled up by transferring those who had been summoned as petit jurors to act as grand jurors. The court overruled the demurrer, and defendants excepted. On the trial of the case, the jury found the following verdict: We, the jury, find the defendants guilty of larceny from the house exceeding fifty dollars." The defendants made a motion in arrest of judgment, on the ground that the jury found a special verdict for an offense not charged in the indictment, to which they had pleaded and on which they had been tried. The defendants also made a motion for

a new trial, on the grounds therein stated, both of which motions were overruled by the court, and the defendants excepted.

1. The demurrer to the indictment was properly overruled. The objection to the grand jurors who found the bill of indictment did not appear on the face thereof, and, if a valid objection, should have been taken advantage of by plea instead of a demurrer.

2. The indictment in this case practically charges the defendants with two felonious offenses in the same count, instead of charging the offenses in two separate counts, to-wit: burglary in the night, and larceny from the house, and the jury found the defendants guilty of the lowest grade of the two felonies charged in that count in the indictment; and the question is, whether the judgment should be arrested, after verdict, for that reason. In our judgment, it should not, although the indictment might have been held bad on special demurrer, if taken at the proper time.

3. The judge certifies that the grounds in the motion for new trial are not true. There is sufficient evidence in the record to support the verdict, therefore it is not contrary to law or the evidence.

Let the judgment of the court below be affirmed.