BARLOW *vs.* THE STATE OF GEORGIA.

1. An accusation was made in the city court of Atlanta against the defendant for simple larceny. Before the trial was entered on, the prosecuting attorney asked the counsel for the accused if they would agree that the accusation should be so amended as to charge the offence to be that of larceny from the house, and this was agreed to in open court, the accused being present. After the trial had proceeded to the extent of swearing the jury, the prosecuting attorney discovered that the accusation, as it had been amended, alleged that the property belonged to the accused instead of the prosecutor. Over objection of the defendant's counsel, the court allowed an amendment to be made correcting this allegation :

*Held*, that this was not error. The agreement in open court that the accusation might be changed from simple larceny to larceny from the house, embraced the right of the solicitor to make a good and perfect accusation for the latter offence ; and having been made when the solicitor could have withdrawn the accusation and presented another, it was right to allow it to be consummated by the making of the amendment

2. Although the accusation and facts of a case may make a case of burglary, yet if they also make a case of larceny from the house, the defendant may be convicted of the latter offence.

3. The verdict is supported by the evidence.

October 19, 1886.

Criminal Law. Amendment. Practice in Superior Court. Before Judge VAN EPPS. City Court of Atlanta. June Term, 1886.

Reported in the decision.

WIMBISH & WALKER, for plaintiff in error

C. D. HILL, solicitor city court *pro tem.*, for the State.

BLANDFORD, Justice.

1. The plaintiff in error was accused in the city court of larceny from the house by stealing therefrom certain chickens. The original accusation was for simple larceny for stealing the chickens of Cunningham, the prosecutor.

The solicitor-general, who prosecuted the case in the absence of the city solicitor, who was indisposed, before the trial was entered on, asked the counsel for the accused if they would agree that the accusation should be so amended as to charge the offence to be that of larceny from the house; this they agreed to in open court, the accused being present. After the trial had proceeded to the extent of swearing the jury, the solicitor discovered that the charge, as it had been amended, alleged the property to be in John Barlow, the accused. He called the attention of the court and the counsel for the accused to this fact, and proposed to amend by alleging the property to be that of Cunningham, the prosecutor. The defendant's counsel objected to this further amendment. The court overruled the objection and allowed the amendment to be made, and this is the first exception by defendant, and error is assigned on this exception. This court is of the opinion that the court below committed no error in allowing the amendment to be made. The agreement of defendant's counsel in open court that the accusation might be changed from simple larceny to that of larceny from the house, embraced the right of the solicitor to make a good and perfect accusation for larceny from the house; and to allege the property stolen to be in defendant, was not a good and perfect accusation. This agreement was entered into at a time when the solicitor could, of his own motion, have withdrawn the accusation and have presented one as he desired. The parties should be held to their agreement made in open court. The amendment, having been made after the jury had been sworn, was proper because it was done under the agreement which had been made before the trial was entered on, and was but a cons ummation of that agreement.

2. The next ground of error is as to the charge of the court to the effect that, if the accusation and facts of the case make a case of burglary, yet if they also make a case of larceny from the house, the defendant could be convicted of this latter offence. And in this we think the court was

also right.   Burglary, according to our law, is the break-ing and entering with intent to commit a felony or larceny, or, after breaking and entering, stealing from the house so broken or entered any property, etc.   Larceny from the house is the breaking or entering any house with in-tent to steal, or, after breaking or entering said house, steal-ing therefrom, etc.   So it will be perceived that where the burglary consists in breaking and entering the house and stealing therefrom, then it embraces larceny from the house.   These two offences are closely related, and they only differ as to the character of the house broken and en-tered, burglary being restricted to the mansion house or house within the protection of the dwelling-house, and a house where valuable goods are stored, whereas larceny from the house may be committed from any house.   Code §§4386, 4413.   The case reported in 60 *Ga.* 88, decides this question.

3. The last ground of error is that the verdict is not supported by the evidence.   This ground is wholly desti-tute of merit, there being ample evidence to support this verdict.

Judgment affirmed.