## KING *v.* THE STATE.

1. An outhouse contiguous to or within the curtilage or protection of a dwelling-house, being part of the same so far at least as relates to the law of burglary, there was no error, upon the trial of an indictment charging the burglary of a dwelling-house, in stating the contention of the State as follows: "In this particular case, the State charges that the accused did enter the chicken-house, the same being within the curtilage or protection of the dwelling-house of the prosecutor"; the evidence showing that the house actually broken was in fact a chicken-house in the same inclosure with the prosecutor's dwelling-house, and under its protection.

2. When on a criminal trial the evidence for both the State and the accused had been closed, and the latter thereupon declined to make a statement at that stage of the proceedings, not, however, waiving his right to do so should the State introduce further evidence, it was error, after the State had introduced additional evidence in rebuttal of that offered by the accused, to refuse to allow him then to make a statement.

   June 8, 1896.  By two Justices.

Indictment for burglary.    Before Judge Butt.    Muscogee superior court.    November term, 1895.

*Blandford & Grimes,* for plaintiff in error. *S. P. Gilbert, solicitor-general,* and *J. H. Worrill,* contra.

LUMPKIN, Justice.

1. Section 4386 of the code, which defines the offense of burglary, declares that "all outhouses contiguous to or within the curtilage or protection of the mansion or dwelling-house, shall be considered as parts of the same." In describing an outbuilding "which in law is parcel of the dwelling-house, the pleader has his election to employ simply the term 'dwelling-house,' or name the outbuilding and add, 'part of the dwelling-house.'" 2 Bish. Cr. Proced. §135. See, also, Bish. St. Cr. (2d ed.) §278; 2 Russ. Cr. (6th Am. ed.) 15. It follows that where a chicken-house within the curtilage or protection of the dwelling-house was burglariously broken and entered, the indictment did not improperly allege the offense to be the burglary of the dwelling-house itself. And where, on the trial of such an indictment, the evidence showed that the house actually broken was a chicken-house in the same enclosure with and under the protection of the prosecutor's dwelling-house, there was no error in instructing the jury that the State charged the accused did enter the chicken-house. Though this instruction was not strictly accurate, it covered the real substance of the charge laid in the indictment, and could not have resulted in any injury to the accused.

2. The right which section 4637 of the code gives to the accused in any criminal case to make a statement to the court and jury, is clear and unequivocal. When the evidence for the State has been closed, the accused may introduce evidence and make his statement; or, he may decline to do either. He may, when the evidence on both sides has been closed, deem it unnecessary to make a statement, and may so inform the court; but if the State thereafter proceeds to introduce additional evidence in rebuttal

to that which the accused has offered, the whole aspect of the case may be changed and the accused may very much desire to meet the emergency thus brought about by submitting his statement.  If so, we hold that he cannot be denied this privilege.  His previous announcement that he would not insist upon his right to make a statement must be understood as having reference to the status of the case at that time.  The new evidence for the State may change the whole complexion of the case and render a statement from the accused necessary and proper, although it may not, in the opinion of the accused or his counsel, have been so before.  It would violate both the letter and the spirit of the statute to deprive the accused of the substantial right of meeting by a statement matter thus brought against him by the State upon which he had not been heard.

*Judgment reversed.*