*A. S. Johnson, R. B. Odom, Bennet & Cox,* contra.

---

### 1478.  WALKER *v.* THE STATE.

1. The evidence authorized the verdict of guilty.

2. In a prosecution for burglary, the loss of articles of personal property other than those described in the indictment, if such articles be found in the recent possession of the defendant, may be proved, as a circumstance tending to disclose the identity of the burglar. It is not essential in any indictment for burglary that a larceny be charged. If in the indictment a larceny be alleged, it must be proved as laid; but whether a larceny be charged or not, and even if the purpose of the breaking be alleged to be a felony, and not a larceny, the recent possession of an article known to have been contained in the house in question at the time of the burglary, unexplained, might lead to the inference of the defendant's guilty presence and participation in the offense.

Indictment for burglary, from Floyd superior court—Judge Wright.   October 1, 1908.

Argued November 23, 1908.—Decided January 27, 1909.

*Henry Walker,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.

RUSSELL, J. 1. The prosecutrix missed a long blue-silk coat, worth $15, a white hat worth $2, and a white shirt-waist. She discovered that one of the windows of her dwelling house had been raised while she was cooking supper. Complaint was made, and the goods were recovered by a policeman the next morning. Another witness for the State testified, that, while he did not see the defendant come out of the prosecutrix's house, he saw her near the house and coming from that direction, out of the yard, a short time before the prosecutrix returned home, and that the defendant had something in her hands. A few moments after this the prosecutrix made complaint. At the time that the witness first saw the defendant near the prosecutrix's house, she was not more than fifteen feet from him. She was walking rapidly, and, after she got outside of the gate, walked very fast. The policeman who recovered the articles identified as having been in the house of the prosecutrix did not find the defendant at her home in "Hell's Hollow," and, being informed that she had gone up to one Fain's, proceeded to Fain's house, near the waterworks. When the policeman got to Fain's he saw the defendant, who was on the other side of a big wire fence, and the policeman testified that she saw him. He testified, that he tried to speak to her, and that she was within hearing distance of him, in fact quite close to him, on the other side of the fence, but she went in a hurry through a gate. "She got out and was gone right now." The policeman immediately went to Fain's house and found the long blue-silk coat and a white hat, which were delivered to the prosecutrix and identified by her as the same which she lost. The defendant admitted having the goods, but claimed that one Sallie May Harris, who lived in a room adjoining the prosecutrix, gave them to her. She stated that the prosecution was due to the fact that she had knocked the prosecutrix down with her fist, in just resentment for an insult, and explained that her refusal to stop, when hailed by the policeman, was due to the fact that he had hit her once, and for that reason she was not willing to be arrested by him. We think it clear, from this statement, that the evidence authorized the verdict of guilty, and that the plaintiff in error is not entitled to a new trial, unless the finding of the jury was influenced by some error on the part of the court.

2. Two errors are assigned in the amended grounds of the mo-

tion for new trial. They are so nearly related that, for the sake of brevity, we shall treat them together. The plaintiff in error insists that the court erred in allowing the prosecutrix to testify that she missed a long blue-silk coat, white hat, and white shirt-waist. The objection urged is that there is no allegation in the indictment about a shirt-waist. The exception as presented really presents nothing for our consideration, because the court certainly did not err in allowing the witness to answer the question which was asked, for the reason that we can not presume in advance that the witness would mention any other articles than those mentioned in the indictment. The question asked was: "Did you miss anything from that house during the month of April?" This question was not for any reason objectionable, even if proof of the loss of articles other than those mentioned in the indictment was immaterial and irrelevant, because disconnected from the burglary. To have properly raised the point, a motion to rule out the testimony with reference to the shirt-waist should have been made. But even if the point had been presented in that form, the court could with the utmost propriety have overruled the motion. The possession of an article shown to have been contained or stored in a house at the time of the alleged burglary is a circumstance which may be of value in determining the identity of the burglar. It is a circumstance which may in some instances be as useful to the defendant, when such possession is shown in another, as it can be damaging to him if he is shown to be the party in recent possession. It must be remembered that burglary may be committed with the intent to commit either a larceny or a felony; and it must be further borne in mind that where the breaking is with intent to steal, it is not essential to charge a larceny. The intent to steal may be established by proof of the larceny; and where a larceny is alleged it is essential that it be proved. In a case, however, where the burglary is alleged to have been committed with the intent to commit a felony, and not a larceny, as well as where the burglary is charged to have been committed with intent to steal, whether a larceny be charged or not, it is competent to show that the party accused was, shortly after the breaking, in possession of an article which was abstracted from the house at the time of the burglary, as a circumstance to identify the defendant on trial as one who participated in the offense. In a case like the one at bar, the larceny of the

long blue-silk coat and white hat being alleged, it was essential to the State's case to prove that these articles were stolen; because, by the allegation, their theft was made material; but this fact would not prevent the State from proving that the defendant was in possession of other articles taken at the same time. The proof of the theft of the shirt-waist could not be the basis of conviction under the indictment, but it might be a circumstance corroborative of other evidence in the case, indicating who it was that broke the house. The plaintiff in error also excepts to the following instruction in the charge of the court: "If the corpus delicti, that is, if the burglary is proven to your satisfaction, and after that the goods alleged to have been stolen, or some part of them, are found in recent possession of the defendant, if you find there was a recent possession of stolen goods not satisfactorily accounted for, that would be a circumstance from which you might infer that the party so in possession of them is the guilty party, and convict her of the offense." The error assigned is that this charge is inaccurate and not properly adjusted to the case as tried. The exception does not contest the correctness of the judge's charge, but it is contended that the charge is not adjusted to the facts of the case. We have considered together the two exceptions contained in the amended grounds of the motion, for the reason that counsel for the plaintiff in error, in his brief, rests his case upon the contention that the defendant was not shown to be in possession of the goods that were lost, but that, on the contrary, the goods were shown to be in the possession of Fain. We admit that this is the pivotal point in the case. We can not, however, concur in the conclusion reached by the learned counsel for the plaintiff in error, that the jury were not authorized to find that the defendant was in recent possession of the goods alleged to have been stolen. Possession, like any other fact, can be shown by circumstantial evidence. If the goods had been found in "Hell's Hollow" and in the defendant's home, this would have been at best but circumstantial evidence, leading to the conclusion that they were in the defendant's possession. We think, putting together all the circumstances proved in this case, that they are as conclusive upon the point of the defendant's recent possession as if the goods had merely been found in her own house, if not far more so. The defendant was seen near the prosecutrix's house almost immediately before the goods were missed; she

was walking rapidly away with something in her hands; early the next morning she went from her home to Fain's house,—for what reason does not appear,—and when she saw the policeman (with whom she was acquainted and who, on account of a wire fence, could not overtake her) approaching she left in hot haste, and the lost goods were immediately found in the house she had just left. These circumstances alone might not be conclusive, but, to leave no doubt, the defendant admitted upon the stand that she had the goods. Certainly, then, there was no error in the charge of the court. The defendant's explanation of her possession was not supported by testimony which might have corroborated it; and the jury had the right to discredit it, as they did.

Judgment affirmed.