3940.   KEENAN *v.* THE STATE.

1. The words "place of business," as used in the statute defining burglary, mean any house, other than a "dwelling, mansion, or storehouse," occupied as a place of business, in which valuable goods are contained. The allegations of the indictment were sufficient to show that the "place of business" alleged to have been broken into and entered with intent to commit a larceny was a house, and that valuable goods were contained therein.

2. If the words "place of business," with the context, were insufficient to show. that "the place of business" was a house, it was a formal defect, to be reached by special demurrer, and was cured by the verdict.

DECIDED MARCH 19, 1912.

Indictment for burglary; from Chatham superior court—Judge Charlton. December 28, 1911.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge,* solicitor-general, *Morris H. Bernstein,* contra.

HILL, C. J.   The plaintiff in error was convicted of burglary, and made a motion in arrest of judgment, which was overruled, and he excepted. The first count of the indictment (omitting formal parts) charges that Fred Keenan "the place of business of one William G. Austin, doing business as the Savannah Motor Car Company, where valuable goods and wares are stored, did feloniously and burglariously break and enter, with the intent then and there to commit a larceny therein." The second count repeats the language of the first count (except the concluding clause, as to the intent to commit a larceny), and adds the following words: "and, after so breaking and entering, twelve automobile tires of the value of $400, the property of one William G. Austin, doing business as the Savannah Motor Car Company, and twelve inner tubes of the value of $75, the property of one William G. Austin, doing business as the Savannah Motor Car Company, being found therein, did then and there wrongfully and fraudulently and privately take and carry away, with the intent to steal the same." The motion in arrest of judgment is based upon three grounds: (1) that neither of the counts of the indictment alleges that valuable goods and wares were stored in the place of business at the date of the alleged offense; (2) that neither of the counts alleges the character of the place of business in such way as to show that the place of business was the subject of burglary, under the laws of this State; and

(3) that neither of the counts alleges that the place of business set out in the indictment was a storehouse, building, or house of any kind, or was such premises as could be the subject of burglary under the laws of this State.

1. The first objection is fully met by the allegations of the indictment. The first count charges that the place of business broken and entered with intent to commit a larceny was the place of business of a designated person, "where valuable goods and wares are stored." The second count repeats these allegations, and alleges further, that after breaking and entering this place of business, the accused did take therefrom described personal property. It is difficult to understand how goods and wares can be taken from a place of business without having been stored or contained therein. The allegations on this point were clear, distinct, certain, and definite, and we fail to see how they could have been made more specific.

2. The second and third objections to the allegations of the indictment are based upon the ground that it does not specifically appear that the place of business set out in the indictment was a storehouse or building of any kind, or that it was such premises as could be the subject of burglary under the laws of Georgia. Section 146 of the Penal Code (1910) defines burglary as follows: "Burglary is the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny." This statute enlarges the common-law definition of burglary; for burglary at common law was the breaking and entering a mansion or dwelling-house with intent to commit a felony or larceny therein. This section of the code includes not only a dwelling-house or mansion, but any storehouse or other place of business where valuable goods of any character are contained or stored. The words "other place of business," considered with the context, clearly mean a house used as a place of business, but are not intended to be restricted to a house used as a storehouse or of the nature of a storehouse. They include any house used as a place of business by another, where valuable goods are contained, whether it be a storehouse or not. The language of the indictment clearly charges that the place of business was a house where valuable property was stored or contained. The allegations are that the place of business was broken

into and entered, and certain described property taken therefrom. The indictment states the offense in the terms and language of the code, and so plainly that the nature of the offense charged could have been easily understood by the jury. Penal Code (1910), § 954. Indeed, no other inference could be drawn from the allegations, considered as a whole, than that the place of business that was burglarized was a house where valuable goods were contained. *Bethune* v. *State*, 48 *Ga.* 505. If, however, the allegation of the indictment as to the character of the place of business was not sufficiently specific, it was merely a formal defect and subject to special demurrer, was not good in arrest of judgment, and was cured by the verdict. We think that the objections urged to the indictment were without merit, either in form or substance, and that the motion in arrest of judgment was properly overruled.

*Judgment affirmed.*