## 4897. JONES v. THE STATE.

## 4899. JEFFORDS v. THE STATE.

1. The breaking and entering a cottonseed warehouse where valuable goods are stored, with intent to commit a felony or larceny, is not burglary, unless it is shown that at the time it was entered the warehouse was being used as a place of business.

2. The court properly withdrew from the consideration of the jury that count in the indictment which charged burglary. The evidence demanded a conviction of larceny from the house; and if there were any errors in the charge of the court, they were immaterial.

DECIDED JUNE 10, 1913.

Indictment for larceny from house; from Worth superior court—Judge Frank Park. April 1, 1913.

*Perry, Foy & Monk,* for plaintiffs in error.

*R. C. Bell, solicitor-general,* contra.

POTTLE, J. The indictment was in two counts. The first count charged burglary in breaking and entering the cottonseed warehouse of a named person, used for storing cottonseed and seed-cotton, with intent to steal goods therein contained; the second count charged larceny from the house, in that the accused took and carried away from the warehouse certain goods therein contained, with intent to steal the same. The evidence demanded a finding that

the warehouse described in the indictment was broken and entered by the accused and three other persons, and valuable goods stolen therefrom. The trial judge instructed the jury to disregard the first count in the indictment, charging burglary, and to consider only whether the accused were guilty of a misdemeanor as charged in the second count. The accused were convicted of larceny from the house, of goods less than fifty dollars in value, and their motion for a new trial was overruled.

The accused were convicted upon the testimony of persons jointly indicted with them and who aided and abetted them in the criminal act. It is insisted that the evidence demanded a finding that the accused, if guilty of any offense, were guilty of burglary, and that for this reason they could not, under the evidence, be convicted of larceny from the house. If this premise is sound, the conclusion stated is correct. *Tarver* v. *State,* 95 *Ga.* 222 (21 S. E. 381). Unless the evidence authorized a conviction of larceny from the house, the accused could not be convicted of any offense; since there was no proof of their guilt except the testimony of accomplices. Neither larceny nor the intent to steal is an essential element in the crime of burglary. The crime of burglary is complete whenever a house which is the subject-matter of burglary is broken and entered with intent to commit a felony or a larceny. Penal Code, § 146; *Bethune* v. *State,* 48 *Ga.* 505. A larceny need not be charged, but, if charged, must be proved. *Walker* v. *State,* 5 *Ga. App.* 430 (63 S. E. 534). If the house alleged to have broken and entered is not a "dwelling, mansion, or storehouse," it must be alleged and proved to have been a place of business where valuable goods were contained or stored. Penal Code, § 146. It is sufficient to charge that a dwelling, mansion, or storehouse was broken and entered, without alleging that valuable goods were therein contained; but if a place of business is broken and entered, and that place of business is not also a dwelling, mansion, or storehouse, then it must be alleged and proved that articles of value were stored or contained in the place of business. See *Lee* v. *State,* 56 *Ga.* 478; *Lanier* v. *State,* 76 *Ga.* 504.

The place of business need not be a place of the nature of a storehouse. *Bethune* v. *State,* supra. Nor is it essential that the house broken and entered should be expressly denominated in the indictment as a "place of business," if descriptive words are used suffi-

cient to show that the house was used as a place of business of another. *Keenan* v. *State,* 10 *Ga. App.* 792 (74 S. E. 297). It is essential, however, that it should appear, from the indictment and the proof, that the place broken and entered was being used as a place of business. The mere fact that valuable goods were contained or stored therein is not alone sufficient to make the house a place of business, within the meaning of the statute. *McElreath* v. *State,* 55 *Ga.* 562. In that case it was held that an indictment which charged the breaking and entering of a mill-house, with intent to steal, but which did not, either by description or substantial averment, designate the house as a place of business, was fatally defective. Judge Jackson dissented upon the ground that, as it was alleged that corn, tallow, and tobacco were stored in the mill-house, this was sufficient to authorize the inference that the mill-house was being used for the purpose of grinding corn, and was therefore a place of business. In *Hutchins* v. *State,* 3 *Ga. App.* 300 (59 S. E. 848), it was held that a barn and corn-crib, in which corn was stored, was not the subject-matter of burglary, unless it was within the curtilage of the dwelling-house or unless it was alleged and proved to have been a place of business. In *Wright* v. *State,* ante, 514 (77 S. E. 657), it was held that burglary could not be committed in a smoke-house or meat-house situated in a field between two and three hundred yards from the mansion.

The indictment in the present case describes the house broken and entered as "the cottonseed warehouse of C. J. Champion, a warehouse used for storing cottonseed and seed-cotton, in the town of Doles, said county." It is alleged that valuable goods were stored in this warehouse, but it is nowhere averred that the warehouse was being used as a place of business. Under the decisions cited, a conviction of burglary under this indictment would not have been authorized. The first count was subject to be quashed on motion, but the trial judge reached substantially the same result by instructing the jury to ignore it, and to consider only whether the accused were guilty of larceny from the house in stealing from the warehouse goods worth less than fifty dollars.

The reason given by the trial judge for withdrawing the first count from the consideration of the jury is immaterial, the right result having been reached. The accused made no statement at the trial, and the evidence demanded their conviction of the offense of

larceny from the house. We find no substantial error in any of the charges complained of; but even if they were erroneous, they afforded the accused no cause for complaint, since there was no theory of the evidence which would have justified their acquittal.

*Judgment affirmed.*