17732.    MOODY *v.* THE STATE.

BROYLES, C. J.    1.    "Burglary is the breaking and entering into the dwell-
ing, mansion, or storehouse, or other place of business of another, where
valuable goods, wares, produce, or any other article of value, are con-
tained or stored, with intent to commit a felony or larceny."    Penal
Code (1910), § 146.

2. In a prosecution for burglary, where the house alleged to have been
broken and entered was not a "dwelling, mansion, or storehouse," it
must be alleged in the indictment that the house was a place of busi-
ness where valuable goods were contained or stored. *Jones* v. *State,*
12 *Ga. App.* 813, 814 (78 S. E. 474).

(*a*) It is not essential that the house alleged to have been broken and
entered should be expressly denominated in the indictment as a "place
of business," if descriptive words are used sufficient to show that the
house was used as a place of business of another. *Keenan* v. *State,* 10
*Ga. App.* 792 (74 S. E. 297).

(*b*) It is essential, however, that it should appear from the indictment
that the place charged to have been broken and entered was being used
as a place of business.    *Jones* v. *State,* supra, page 815.    The mere fact
that valuable goods were contained or stored therein is not alone suffi-
cient to make the house a place of business, within the meaning of the
statute.    *McElreath* v. *State,* 55 *Ga.* 562.

Burglary, 9 C. J. p. 1009, n. 3; p. 1029, n. 73, 74; p. 1041, n. 71.

3. Where an indictment for burglary described the house broken into and entered as a cottonseed warehouse where valuable goods were stored, but where there was no allegation in the indictment that the warehouse was being used as a place of business, the indictment failed to charge the offense of burglary and was subject to be quashed on motion. *Jones* v. *State,* supra, page 815.

4. The indictment in the instant case charged that the accused did unlawfully "break and enter into the church house of Oconee Baptist Church, white, appropriated to public worship, with intent to commit a larceny therein." The indictment further charged that the accused, after such breaking and entering, did steal and carry away from said church certain described rugs of the total value of sixteen dollars, said rugs being then and there contained and stored in said church. The church house was not expressly denominated in the indictment as a "place of business," nor were there descriptive words in the indictment sufficient to show that the house was used as a "place of business" within the meaning of section 146 of the Penal Code. Conceding, but not deciding, that an ordinary church building or edifice, appropriated to public worship, is subject to be burglarized, the indictment in this case, under the above-stated rulings, was fatally defective, and the court erred in overruling the general demurrer interposed, and that error rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 11, 1927.

Burglary; from Putnam superior court—Judge Park. October 16, 1926.

*R. C. Jenkins,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.