344

## 24483.  WILLIAMSON v. THE STATE.

BROYLES, C. J.  The defendant was charged in the indictment with the offence of burglary, in that he "feloniously did break and enter into the smoke-house of one B. R. Durden, same being an outhouse contiguous to and within the curtilage of the dwelling house of said B. R. Durden." Upon the trial no evidence was adduced to prove that the smoke-house was contiguous to or within the curtilage of Durden's dwelling house, the evidence not showing how near or how distant the smoke-house was to or from the dwelling house, or that the smoke-house, although used for domestic purposes, was "near enough to the dwelling house to be protected by the occupants of the latter from trespassing of any sort;" nor did the evidence disclose that the smoke-house was within the common enclosure with the dwelling house.  Under the facts just stated, the defendant's conviction of the offense charged was unauthorized.  See *Wright* v. *State*, 12 *Ga. App.* 514 (77 S. E. 657).

Judgment reversed.  *MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 10, 1935.

*Alfred Herrington Jr.,* for plaintiff in error.
*Marvin L. Gross, solicitor-general,* contra.

## 24501.  PUGH v. MAYOR AND ALDERMEN OF SAVANNAH.

BROYLES, C. J.  The accused was convicted in the police court of Savannah of violating an ordinance of the city prohibiting any person from loafing or loitering on the streets, alleys, bridges, etc., of the city.  In the record transmitted to this court there is no evidence authorizing his conviction, and the judge of the superior court erred in refusing to sanction his petition for certiorari.

Judgment reversed.  *MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 10, 1935.

*Aaron Kravitch,* for plaintiff in error.
*Shelby Myrick, J. C. Hesler,* contra.