27955.  COLEMAN, *v.* THE STATE.

DECIDED FEBRUARY 10, 1940.

*Shackelford & Shackelford,* for plaintiff in error.

*Frank Simpson, solicitor-general, Claude Shaw,* contra.

GUERRY, J.  The defendant was charged with burglary, in that he did unlawfully, burglariously, and feloniously "break and enter into the storehouse of one R. D. Crook Jr.; with intent to commit a larceny therein, and the said S. Ben Coleman then and there, after having broken and entered said house, as aforesaid, did wrongfully, feloniously, fraudulently  .  .  take and carry away from said storehouse with intent to steal the same 2 pair of white sport shoes dyed black, size $6\frac{1}{2}$; one pair black work shoes, size $6\frac{1}{2}$; one pair tan work shoes (Friedman-Shelby), size $5\frac{1}{2}$; one pair ladies black high-heel pumps, size $5\frac{1}{2}$; blue, medium-size bathrobe; of the value of five ($5) dollars, the same being then and there the property of the said R. D. Crook Jr., and being then and there in said store."

According to the State's evidence the house alleged to have been burglarized was a house used as a storage house for certain personal property,—shoes and clothing.  It was not a house within the curtilage of a dwelling, neither was it a place of business, nor

was it a storehouse "where you sell merchandise or groceries. . . It was a house where these things were put and stored."

The indictment being for burglary and the defendant having been found guilty of burglary, he now contends that the house alleged to have been burglarized was not such a house as is contemplated in (the protection of) the burglary statute, and the conviction of burglary was not therefore warranted by the evidence.

"Burglary is the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny." Code, § 26-2401. Plaintiff in error insists that the storehouse indicated was not such a storehouse as is included within the term "storehouse" as used in the section above quoted. The trial judge recognizes the pertinency of the criticism, and devotes most of his order overruling the motion to an able discussion of this question. We can not agree with his conclusion. If the term "storehouse" as used in the statute means a place or house of storage, there can be no question but that the breaking and entering with intent to commit a larceny, as in this case, was a burglary. However, the word "storehouse" in the Code section quoted, is immediately followed by the clause "or other place of business . . where valuable goods . . are contained or stored."

"Burglary is an offense against the habitations of persons. Larceny from the house is an offense relative to property." *Williams* v. *State,* 46 *Ga.* 212, 217. A larceny from the house may be committed in *any* house. A burglary may be committed only in such houses as are expressly named in the statute. A mere storage house, as distinguished from a storehouse where valuable goods are contained, may not be the subject-matter of a burglary although a breaking or entering and stealing therefrom may be a larceny from the house. A barn or crib in which corn in stored is not the subject-matter of a burglary unless such barn is within the curtilage or protection of a dwelling house. *Hutchins* v. *State,* 3 *Ga. App.* 300 (59 S. E. 848); *Wright* v. *State,* 12 *Ga. App.* 514 (77 S. E. 657). Neither is a smokehouse containing meats, which is not within the curtilage of the dwelling house, the subject-matter of burglary. *Wright* v. *State,* supra; *Williamson* v. *State,* 50 *Ga. App.* 344 (178 S. E. 159). Nor is a warehouse where cottonseed are

stored, which has been broken into and the seed stolen therefrom, the subject-matter of burglary, although it is covered by the larceny-from-the-house statute. *Moody* v. *State,* 36 *Ga. App.* 284 (136 S. E. 464).

It is clearly seen from these decisions that although cribs, barns, smokehouses, or cottonseed houses are in one sense of the word, storehouses, or storage houses, they are not included under the term "storehouse" as used in the statute. In *McElreath* v. *State,* 55 *Ga.* 562, it was said that a mill house must also be designated as a place of business in order for an indictment which charged the breaking and entering with intent to commit a felony or larceny to properly charge a burglary.

In *Martin* v. *State,* 95 *Ga.* 478 (3) (20 S. E. 271), the Supreme Court seemingly limited the meaning of the word "storehouse" as used in the Code section to a building in which trade is conducted or carried on, and a warehouse, which has the common meaning of a storehouse, is included within the statute when the evidence shows that the goods stored therein were stored for the purpose of being sold. In *Bethune* v. *State,* 48 *Ga.* 505, 509, it was said: "It is contended that if the house be not a dwelling, mansion or storehouse, it must be a place of business of another, where the business carried on is similar to that which *appertains to a storehouse."* (Italics ours.) It was there further pointed out that the expression "other place of business" more accurately describes, and has a more express definition of the terms of the law, itself, than does the word "storehouse." Thus a "theater" where valuable goods are stored may be the place of business of the owner or proprietor, as was said in *Lee* v. *State,* 56 *Ga.* 478. A "place of business" may mean any house other than a dwelling, mansion, or storehouse, in which valuable goods are contained. *Keenan* v. *State,* 10 *Ga. App.* 792 (74 S. E. 297).

We think it apparent that the word "storehouse" as used in the Code section relative to burglary, and as applied by the courts, does not have the larger meaning of a storage house, but is used and applied in its common and accepted meaning to a house where merchandise is sold. Webster defines it as "Any place where goods are kept for sale, whether by wholesale or retail; a shop;" although it is also defined as a building for storing goods. It is restricted in this section to a house where goods are kept for sale, at wholesale

or retail, and not to a storage house alone; otherwise the cases which hold that barns, or cribs, or smokehouses, or warehouses, although they are storage houses, are not storehouses as meant by the Code section, can not be reconciled.

The defendant was convicted of burglary, and not of larceny from the house. A verdict of larceny from the house, which was also charged in the indictment, would have been supported by the evidence; but, as was said in the *Hutchins* case, supra, "There is such a wide difference between the penalty which may be inflicted in a case of burglary and that allowable in cases of larceny that the defendant's right to be tried for the offense of which he is really guilty affords ah unanswerable reason for the grant of a new trial."

"Although the accusation and facts of a case may make a case of burglary, yet if they also make a case of larceny from the house, the defendant may be convicted of the latter offense." *Barlow* v. *State*, 77 *Ga.* 448 (2); *Butts* v. *State*, 26 *Ga. App.* 40 (105 S. E. 372); *Williams* v. *State* 60 *Ga.* 88 (2); *Thomas* v. *State* 18 *Ga. App.* 101 (3) (88 S. E. 917). Under the view we take it becomes unnecessary to pass on the remaining assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed; Broyles, C. J., and MacIntyre, J., concur.*