### 30381. MOSELEY v. THE STATE.

DECIDED FEBRUARY 15, 1944.

*D. D. Veal,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

GARDNER, J. The defendant was convicted of burglary: His motion for new . trial, containing the general and two special grounds was overruled, and he excepted.

■ (*a*): It is contended that the evidence failed to show a breaking. . A witness for the State testified: "They came in the front door by breaking the glass out and pulling the latch back." This was sufficient to show that the building was broken into. The further testimony that the defendant took a certain sum of money from an inmate, sleeping in a room adjoining the main room which was broken into, was sufficient to show an entrance. *Bloodworth* v. *State,* 9 *Ga. App.* 161 (70 S. E. 892): In the .case of *Tremble* v. *State,* 24 *Ga. App.* 26 (99 S. E. 544), cited and relied on by the plaintiff in error, the facts are quite different from those in this case. The testimony there was: "Some one went in my store when I was gone . . . . went in through the window of my store, where a glass 12 x 16 was broken out 4 feet from the door, or he slipped in the store before I closed up and went to supper." It will be noted that in the instant case the testimony was positive that the burglar entered the building by breaking out the glass and unlatching the door. Whereas, in the case cited the evidence was equivocal as to how the entrance was made, it did not show that the glass was broken at the time the entrance was made, and it could have been inferred therefrom that the glass had been broken previously thereto. Counsel for the plaintiff in error also cite and rely on *Mosley* v. *State,* 49 *Ga. App.* 147 (174 S. E. 543), and *Williams* v. *State,* 52 *Ga.* 580. The facts in those cases are different from the facts in the case at bar, and therefore are not controlling.

(*b*) The indictment alleged that after having broken and entered, the defendant did take and carry away "$330 in money of the value of $330." The evidence showed that the defendant obtained at least $100 in money. This is sufficient to sustain allegations of the indictment in this respect, even though there was no proof that $330 was taken. Under such an allegation the proof that so many dollars in money of the value of so many dollars is sufficient proof of the value thereof. This court so ruled in *Simpkins* v. *State,* 51 *Ga. App.* 665 (181 S. E. 232).

(*c*) The indictment charged that the defendant entered the

"storehouse" of the owner. The owner of the building testified that it was his storehouse. Although the evidence did show that there was public dancing conducted in the building, this would not of itself change the character of the building as alleged in the indictment. It was certainly the place of business of the owner, and the evidence showed conclusively that the defendant took therefrom at least $100 which was stored therein. If it be a storehouse, as here, and also a place of business, as here, and there was also property of value stored therein, as here, to our minds it was undoubtedly a storehouse, as contemplated by the statute. Lee v. State, 56 Ga. 477; Lanier v. State, 76 Ga. 304. Also see the Code, § 26-2401. Under this section it is not necessary to allege that the dwelling or mansion or storehouse contains any articles of value stored or contained therein. See in this connection, Coleman v. State, 61 Ga. App. 658 (7 S. E. 2d, 212). In our opinion, the evidence sustained the allegations of the indictment.

■ In special ground 1 error is assigned because the court, over timely objection of the plaintiff in error, admitted evidence to the effect that the cash register indicated a shortage of $330. It is contended that the admission of this evidence was harmful and prejudicial to the defendant, and was hearsay evidence without probative value, being a conclusion without any basis of fact. The evidence for the State clearly showed that the clerk had two sacks containing money, which he had gotten out of the cash register and placed under his bed in a room adjoining the one where the cash register was located, and that this money was carried away by the defendant. The clerk did not know the exact amount, but stated that there was at least $100 in money, consisting of bills and change of different denominations. The owner of the building alleged to have been burglarized testified that he checked the cash register and that it registered $330. Under all the facts of this case, including the defendant's statement, the evidence authorized the verdict, and the assignment of error in this particular ground is without merit. Special ground 2 complains of error because, about two days after the burglary, the defendant was "picked up" by a person who was not an officer and who had no warrant. The person who took the defendant into custody carried him to the sheriff, who in turn carried him to the clerk from whose room the money was taken. The clerk positively identified the defendant as being the

one who obtained the money. Error is assigned on the admission of this testimony on the ground that such conduct on the part of the sheriff, without the defendant having been under lawful arrest, violated the defendant's constitutional right by compelling him to give evidence against himself. This court went into that question at length in the case of *Meriwether* v. *State,* 63 *Ga. App.* 667 (11 S. E. 2d, 816), and what was said there is controlling here. This ground is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*