### 35189. MASH *v.* THE STATE.

TOWNSEND, J. 1. "Burglary is the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another, where valuable goods, wares, produce or any other articles of value are contained or stored, with intent to commit a felony or larceny." Code § 26-2401.

2. The words "dwelling house" and "mansion", in regard to burglary, both at common law and under Georgia statute, refer to the residence or habitation of a person other than the defendant, where such person makes his abode. 12 C. J. S. 678, § 17; *Gibbs* v. *State,* 8 *Ga. App.* 107 (1) (68 S. E. 742); *Ashton* v. *State,* 68 *Ga.* 25 (1).

3. "Storehouse," within the meaning of the statute, means a place where goods are stored or kept for sale at wholesale or retail, such as a shop or store. *Coleman* v. *State,* 61 *Ga. App.* 658 (7 S. E. 2d 212); *Moseley* v. *State,* 70 *Ga. App.* 610 (1c) (29 S. E. 2d 86).

4. A place of business where valuable goods, wares, produce and other articles of value are kept, does not refer to a store or shop exclusively, but means any house occupied as the place of business of another, although the business be not the selling of commodities such as is carried on in a wholesale or retail establishment. *Grimes* v. *State,* 77 *Ga.* 762 (4 Am. St. R. 112); *Stinson* v. *State,* 65 *Ga. App.* 592 (1) (16 S. E. 2d 111); *Goodbread* v. *State,* 29 *Ga. App.* 195 (1) (115 S. E. 44).

5. Where it is not alleged in an indictment that the breaking and entering were committed upon a dwelling house, mansion, storehouse, or place of business, but descriptive words are used in the indictment sufficient to show that the house broken into was in fact the place of business of another, such indictment will be good as against a demurrer on this ground. *Moody* v. *State,* 36 *Ga. App.* 284 (2a) (136 S. E. 464); *Keenan* v. *State,* 10 *Ga. App.* 792 (1) (74 S. E. 297).

6. Where, however, as here, an indictment charges the defendant with the offense of burglary, in that he did break and enter, with intent to commit a larceny, "the home of the Thomasville Moose Club, where valuable goods and wares were contained and stored," but fails to show that such clubhouse was either a dwelling house, storehouse, or place of business, either by so alleging or by alleging facts from which the character of the building clearly appears, the indictment is subject to general demurrer. *Moody* v. *State,* supra, headnote 4; *Jones* v. *State,* 12 *Ga. App.* 813 (1) (78 S. E. 474); *McElreath* v. *State,* 55 *Ga.* 562 (1).

The trial court erred in overruling the general demurrer to the indictment, and the proceedings in regard to the trial thereafter were nugatory.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 7, 1954.

*C. E. Hay,* for plaintiff in error.