## 40994. CHESTER v. THE STATE.

RUSSELL, Judge. 1. It must be alleged and proved in an indictment for burglary that there was a breaking and entering of one of the classes of buildings set out in the statute. Burglary, which was originally a crime against the habitation only, is still a crime restricted only to the types of buildings enumerated therein. *Hutchins v. State,* 3 Ga. App. 300, 301 (59 SE 848). Where the building is not a "dwelling, mansion, or storehouse," it must either be alleged to be a place of business or the descriptive words must be sufficient to show that

the structure is used as the place of business of another. *Bearden v. State,* 95 Ga. 459 (20 SE 212); *Jones v. State,* 12 Ga. App. 813, 814 (78 SE 474); *Moody v. State,* 36 Ga. App. 284 (2) (136 SE 464); *Mash v. State,* 90 Ga. App. 322 (82 SE2d 881).

2. It is also necessary to state the ownership of the building alleged to have been burglarized, since it must be the habitation or place of business "of another." *Code* § 26-2401; 12 CJS 698, Burglary, § 38 (a); *Davenport v. State,* 27 Ga. App. 284 (108 SE 131). This court cannot take judicial notice that "Friendship Elementary School" is a part of the State School System. *Matheson v. Brady,* 202 Ga. 500 (1a) (43 SE2d 703). It may be a public or private school; it may be occupied or abandoned; it may be owned by the defendant or by another. It may or may not be a place of business.

3. From the foregoing it follows that an indictment charging the defendant with burglary because he broke and entered into "Friendship Elementary School of . . . wherein valuable goods, wares and merchandise were then stored . . . and having broken and entered said school as aforesaid, did wrongfully, feloniously, fraudulently, and privately commit a larceny therein" is insufficient in that it fails to allege ownership, fails to allege the building was a place of business, and fails to use descriptive words sufficient to show that it was in fact the place of business of another. The trial court erred in overruling the general demurrer to the indictment.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*

DECIDED NOVEMBER 30, 1964.

*B. B. Robertson,* for plaintiff in error.
*Jess H. Watson, Solicitor General,* contra.