**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

No. 09-20587

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RENE MARTINEZ GARCIA, also known as Jesus Renosa Geraldo, also
known as Rene Martinez, also known as Rene Martinez-Garcia,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, STEWART, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

This appeal solely concerns a sentence enhancement. The issue is whether the defendant's prior conviction under Georgia law was for a crime of violence. We conclude that it was and AFFIRM.

I.  Statement of Facts

Rene Martinez-Garcia pled guilty to illegal reentry into the United States after being deported following a conviction for an aggravated felony. The Presentence Report ("PSR") assigned a base offense level of eight. A 16-level enhancement was applied due to a 2002 conviction for burglary in Georgia, which the PSR recommended be classified as a crime of violence. The PSR then

No. 09-20587

reduced the offense level by three for acceptance of responsibility. A total offense level of 21 combined with a criminal history category of V resulted in a Sentencing Guidelines range of 70-87 months of imprisonment.

Martinez-Garcia objected to the 16-level enhancement. He argued that the Georgia offense of burglary did not constitute the Guidelines' enumerated offense of burglary of a dwelling. The probation officer agreed and prepared an addendum to the PSR that eliminated the enhancement.

The district court overruled the objection, adopted the original PSR, applied the crime of violence enhancement, and entered a sentence within the Guidelines range of 78 months of imprisonment. Martinez-Garcia appealed.

## II. Discussion

This court reviews "the district court's interpretation and application of the Sentencing Guidelines *de novo*." *United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006) (citation omitted). If this court finds error, it must determine whether the error was harmless. *United States v. Lopez-Urbina*, 434 F.3d 750, 765 (5th Cir. 2005) (citation omitted).

Martinez-Garcia argues the district court erred in holding that his Georgia conviction of burglary qualified as a "crime of violence." Further, the error could not be harmless because without the crime of violence enhancement, he would have been subject to a lower Guidelines sentencing range.

The substance of the argument now is the same as it was at sentencing, namely, that the Georgia offense of burglary does not qualify as the Guidelines' enumerated crime of violence of "burglary of a dwelling" because Georgia courts interpret "dwelling" to include structures within the curtilage thereof. We disagree. As we explain, the term "dwelling" within the Georgia burglary statute comports with the ordinary, common meaning of that term, and does not now – though it once did – include structures within the curtilage.

No. 09-20587

The Guidelines include "burglary of a dwelling" as a "crime of violence," but the crime is not defined. U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2010). Because Martinez-Garcia was convicted in Georgia of one of the offenses enumerated as a crime of violence that is not specifically defined in the Guidelines, we are to determine whether the Georgia crime is consistent with the "ordinary, contemporary, [and] common meaning" of burglary of a dwelling. *Murillo-Lopez*, 444 F.3d at 339 (quotation marks and citation omitted). We employ the categorical approach in determining whether the Georgia crime matches the ordinary meaning. *Id*. at 342.

The "'ordinary, contemporary, common meaning' of 'burglary of a dwelling' does not extend to the grounds around the dwelling," and demands an entry into or remaining in the dwelling. *United States v. Gomez-Guerra*, 485 F.3d 301, 304 (5th Cir. 2007) (citation omitted). The commonly understood meaning of a dwelling is "a house or other structure in which a person lives." *United States v. Mendoza-Sanchez*, 456 F.3d 479, 482 (5th Cir. 2006) (quotation marks omitted). The dwelling "does not extend to the grounds around the dwelling," *i.e.*, the curtilage. *Gomez-Guerra*, 485 F.3d at 304. If a state burglary statute may be violated by entry only into the curtilage, a conviction under that statute is not a crime of violence. *Id*. at 303-04.

To identify the prior conviction's scope, we start with an examination of the statute. *Id*. at 303. The present Georgia burglary statute, in effect for Martinez-Garcia's 2002 conviction, states:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within [1] the dwelling house of another or [2] any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or [3] enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

Ga. Code Ann. § 16-7-1(a) (2007) (bracketed numbers added).

No. 09-20587

Where a statute is divisible, as it is here, we apply a "modified categorical approach" by examining certain adjudicative records. *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 297 (5th Cir. 2008). The record of conviction, which contains the "Accusation," states Martinez-Garcia was charged with having "entered the dwelling house of another" at a certain address.

Martinez-Garcia's argument seeks to make two separate points. First, he asserts that a reference to a dwelling house in a charging instrument under Georgia law historically has included structures within the curtilage of the dwelling. Second, he argues that despite a statutory change, the Georgia courts still interpret the statute as they did under prior caselaw.

In the past, Georgia courts have interpreted "dwelling house" to include particular buildings within the curtilage. *E.g.*, *King v. State*, 25 S.E. 613 (Ga. 1896); *Daniels v. State*, 78 Ga. 98 (1886); *Bryant v. State*, 60 Ga. 358 (1878). These cases were decided under a prior statute, though, which explicitly stated that "outhouses . . . within the curtilage . . . of the . . . dwelling house shall be considered as parts of the same." Ga. Code Ann. § 4386 (1895). There are no references to outhouses and curtilage in the current statute.

Nonetheless, Martinez-Garcia insists that Georgia courts continue to interpret the current burglary statute to include structures within the curtilage. This argument fails. As recently as 2008, a Georgia court has defined "dwelling house" under the present burglary statute as a "'residence or habitation of a person other than the defendant, where such person makes his abode.'" *Sanders v. State*, 667 S.E.2d 396, 399 (Ga. Ct. App. 2008) (quoting *Mash v. State*, 82 S.E.2d 881 (Ga. Ct. App. 1954)). The usual understanding of those words makes the Georgia definition consistent with the contemporary meaning.

Martinez-Garcia persists. He considers *Sanders*' citation to the pre-amendment case of *Mash* to undermine the quoted definition of "dwelling house." Specifically, because *Sanders* quoted a definition from precedent interpreting the

4

prior statute, Martinez-Garcia argues that the definition of "dwelling house" implicitly included structures within its curtilage. Thus, when *Sanders* cited *Mash,* it brought along the meaning of "dwelling house" that applied in 1954 when *Mash* was decided.

This argument, though ably made, is unreasonable. The Georgia court in *Sanders* was addressing the difference between completed residences and those under construction, not outhouses compared to dwellings. *Id.* at 397-99. *Sanders* found in *Mash* a source for the useful quote that a "dwelling house" was "a residence or habitation" used as an abode. *Id.* at 399.

We conclude that none of the Georgia opinions interpreting the current version of the Georgia burglary statute has held that a "dwelling house" includes structures within the curtilage. The current statute has other provisions that allow for conviction if entry is into certain other buildings, but those structures are not "dwelling houses."

The term "dwelling" within the Georgia burglary statute comports with the ordinary, contemporary definition of that term.

Accordingly, the district court did not err in applying the 16-level crime of violence enhancement when sentencing Martinez-Garcia, as his prior conviction of burglary under Georgia state law falls within the scope of the Guidelines offense of "burglary of a dwelling." Because there was no error, we do not consider Martinez-Garcia's argument as to whether the error was harmless.

AFFIRMED.