## 60936. BAKER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery, aggravated assault and arson in the third degree. His motion for a new trial was denied and he appeals.

1. Appellant contends that the trial court erred in admitting into evidence two statements made by him while in custody. Appellant was arrested on September 17, 1979 and after being advised of his Miranda rights, he made a confession of his participation in the offenses charged against him. The next day appellant was questioned by a sheriff's investigator and stated that he wanted a lawyer. No further questions were asked following this request. On September 22, 1979, a sheriff's investigator was informed by a member of appellant's family that appellant wished to make a statement. He was again advised of his Miranda rights, signed a waiver of those rights, and made a second confession as to the

robbery, but stated that a third party was responsible for the shooting of the robbery victim. Appellant's attorney was appointed on September 26, 1979.

Appellant contends that he was "high" when he made his first statement and did not understand his rights. However, the investigator at a Jackson-Denno hearing testified to the contrary. The trial court found that appellant understood his rights and that both statements were made freely and voluntarily without the remotest fear of injury, or any promise or hope of benefit or reward. See *Brown v. State,* 152 Ga. App. 144, 145 (262 SE2d 510) (1979). Appellant also argues that his second statement is inadmissible because it was made after he had requested counsel. Even where a defendant requests an attorney and subsequently waives that right and makes a statement, such statement will be admissible if found to be voluntarily made. *Brown v. State,* 140 Ga. App. 160, 165 (230 SE2d 128) (1976). Unless clearly erroneous, a trial court's finding as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. *Gates v. State,* 244 Ga. 587, 590 (261 SE2d 349) (1979). Hence, we find no error in the trial court's admission of the two statements.

2. Appellant contends that the trial court erred in failing to give a requested charge based on Code Ann. § 26-1003, and in recharging the jury on the law of conspiracy without giving his requested charge. Code Ann. § 26-1003 provides that where a person's conduct would otherwise constitute an *attempt* to commit a crime, it is an affirmative defense that he abandoned his effort to commit such crime. However, the evidence showed the completion of the crimes charged, and "[w]here a crime is already completed, there is no error in failure to charge on abandonment of the criminal attempt as found in Code Ann. § 26-1003." *Maddox v. State,* 152 Ga. App. 384, 386 (2) (262 SE2d 636) (1979).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 19, 1981 —
REHEARING DENIED MARCH 4, 1981.

*R. Stephen Tingle, G. M. Adcock,* for appellant.
*William M. Campbell, District Attorney,* for appellee.