### 70433. OLIVER v. THE STATE.
(334 SE2d 388)

SOGNIER, Judge.

Oliver was convicted of shoplifting and his sole enumeration of error on appeal is that the trial court erred by failing to charge the jury on abandonment of intent.

James Key and Jean Perdue, security guards at Zayre's Department Store, observed appellant pick up a stack of record albums and take them into a stockroom. Perdue followed appellant into the stockroom and when she entered appellant had nothing in his hands. He asked if there were any boxes he could have and when Perdue said no, appellant departed. He was arrested a few feet outside the stockroom by Key, and Perdue found the record albums, which had been slid under an exit door, outside the store. Appellant testified that he went to the store to collect some boxes and denied ever taking the records or having them in his possession.

Appellant argues that because he left the stockroom empty-handed it could be inferred that he initially intended to steal the records but abandoned that intent when he could not find an exit from the stockroom. Thus, appellant argues that the court should have charged the jury on abandonment of intent. This argument is without merit.

First, we note that appellant denied taking the records and denied entering the store with the intention of stealing records. Hence, there would be no criminal intent to abandon. Secondly, the crime was completed when appellant slid the records under the door to an area outside the store. When a completed crime is shown by the evidence it is not error to refuse to charge on abandonment of intent. *Sanders v. State*, 251 Ga. 70, 77 (4) (303 SE2d 13) (1983); *Baker v. State*, 157 Ga. App. 746, 747 (2) (278 SE2d 462) (1981).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 5, 1985.

J. Douglas Willix, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Ann Mitchell, Assistant District Attorneys, for appellee.