A89A0204. WILLIS v. THE STATE.
(381 SE2d 416)

SOGNIER, Judge.

John Robert Willis appeals from his conviction for selling 13.5 grams of cocaine to a GBI undercover agent in violation of the Georgia Controlled Substances Act.

The evidence adduced at trial revealed that a confidential informant telephoned appellant and, while GBI agent Stephen Burroughs listened on an extension, arranged to purchase one-half ounce of cocaine from appellant at a designated time and place. Agent Burroughs testified that he watched from behind a door as appellant appeared at the meeting place at the appointed time, surveyed the bar,

and then stepped outside with the informant, and that the informant returned and said that appellant had left because he did not feel comfortable with the putative buyer, another GBI undercover agent, and had said he would send his wife to complete the sale. Appellant's common law wife testified that appellant met her outside the bar, told her he was scared, and asked her to take the cocaine, which she said they had obtained from Tony Burrellis, to the buyer. She did so and gave the money to appellant and Burrellis. Appellant testified that he arranged the sale with the informant and went to the bar to complete the transaction, but that he then left and told his wife she could make the sale.

1. Appellant contends the trial court erred by admitting evidence that he was currently serving a probated sentence for possession of cocaine.

(a) Appellant first argues that the trial court abused its discretion by allowing this evidence of prior acts because the State filed its notice of intent to admit the evidence eight days before trial instead of ten days as required by Uniform Superior Court Rule 31.1, and that as a result appellant's counsel, who had taken over the case after his colleague in the public defender's office became ill, did not have adequate time to subpoena witnesses. We do not agree. Rule 31.1 authorizes the trial judge to shorten the time required for giving such notice, and we find no abuse of discretion here in the shortening of the filing period by two days. See *Roman v. State*, 185 Ga. App. 32-33 (1) (363 SE2d 329) (1987).

(b) Appellant also contends that admission of this evidence improperly placed his character into evidence. Evidence of independent crimes is admissible only when the State shows that the defendant was the perpetrator of the prior crime, and the independent crime and the charged offense are sufficiently similar that proof of the former tends to prove the latter. *Durham v. State*, 181 Ga. App. 155, 157 (2) (351 SE2d 683) (1986). " 'If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.' [Cit.]" *Lanzo v. State*, 187 Ga. App. 616-617 (1) (371 SE2d 119) (1988). While proof that appellant was convicted of possessing cocaine does not necessarily prove his bent of mind to sell cocaine, as possession and sale of controlled substances are separate and distinct crimes, *Sullivan v. State*, 178 Ga. App. 769, 771 (344 SE2d 737) (1986), we find any error in admitting evidence of the prior offense to be harmless here because the evidence of guilt as set forth above was overwhelming, and thus we find it highly probable that the evidence did not contribute to the verdict. See *Scott v. State*, 162 Ga. App. 541-542 (1) (292 SE2d 125) (1982).

2. Appellant also enumerates as error the trial court's failure to give his requested charge on OCGA § 16-4-5, which sets forth the affirmative defense of abandonment of effort to commit a crime. However, OCGA § 16-4-5 (a) provides that this defense applies only to criminal attempt, and when the evidence adduced at trial shows completion of the crime charged, there is no error in failure to charge on abandonment of criminal attempt. *Baker v. State*, 157 Ga. App. 746, 747 (2) (278 SE2d 462) (1981). Here, the evidence showed appellant completed the crime of sale of cocaine by handing it to his wife and telling her to complete the sale, as one who aids or abets in the sale or procures another to make the sale is a party to the crime of selling cocaine and may be convicted thereof, see OCGA § 16-2-20; see generally *Hernandez v. State*, 182 Ga. App. 797, 799-800 (1) (357 SE2d 131) (1987), and thus we find no error in the trial court's failure to charge the jury on OCGA § 16-4-5. See *Baker*, id. at 747 (2).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 4, 1989.

*Neil A. Smith*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.