A89A0085. JACKSON v. THE STATE.
(381 SE2d 759)

BIRDSONG, Judge.

Norris Jackson was convicted by jury of violating the Georgia Controlled Substances Act (OCGA Title 16, Chapter 13 et seq.), and sentenced to serve 30 years. He brings this appeal enumerating as error the refusal of the trial court to give charges on the affirmative defense of aiding a law enforcement officer in the performance of such duties by acting as an agent for the officer in undercover drug activities. *Held*:

The only evidence relevant to the alleged affirmative defense arose as follows. The GBI undercover agent was assigned to work in the Lamar County area. He made contact with a drug dealer in Lamar County who eventually revealed that larger amounts of cocaine could probably be obtained from a person who subsequently was identified as Norris Jackson. The agent spoke by telephone on numerous occasions with Jackson at the telephone number first disclosed by the initial contact. During those conversations, Jackson disclosed that he (Jackson) already knew the agent by having observed the activities of the undercover agent when dealing in Lamar County with other drug dealers. Thus, Jackson had no compunction in meeting with the undercover agent in order to negotiate a sale of a larger amount of cocaine. These initial conversations clearly indicated to the agent that Jackson knew the identity of the agent by physical appearance only and not as a law enforcement officer. A meeting was set for the sale and purchase of a quarter of an ounce of cocaine for $535. The meeting was effectuated in Spalding County. The only information exchanged at that first meeting was the exchange of first names — Bob (the agent) and Norris (the appellant). All other conversation related to the means and directions of traveling to the site of the sale. At no time was there any indication at this first meeting that there was knowledge by Jackson that he was dealing with an agent or that the agent was in any unusual degree of personal danger.

A week later, a second meeting was set to effectuate a second and separate uncharged sale of cocaine, on this occasion a half-ounce of cocaine for $950. The agent was very reluctant to give Jackson the

sum of $950 to pay for the one-half ounce of cocaine, apparently from the same seller as on the first occasion. The agent did in fact deliver to Jackson the sum of $950 at this second meeting. Jackson disappeared with this money and never returned the money nor the one-half ounce of cocaine. It was developed on cross-examination of the agent that during the conversations between the agent and Jackson evolving at the second meeting, the agent became aware that Jackson suspected the agent's undercover status. The agent, however, denied that Jackson ever said or implied that he (Jackson) felt led to or impelled to cooperate with the agent in law enforcement work. It was only at the second meeting that Jackson indicated he knew the agent was a law enforcement officer and that he (Jackson) "was suspect or liable for what he was doing."

Based upon this state of the evidence, we are satisfied that the issues of affirmative defense (confession and avoidance) in that Jackson rendered assistance to the agent while the agent was hindered in the performance of his duties or whose life was endangered by another and thus ultimately acted as agent for his principal (the law enforcement officer) simply is not raised, even remotely, in regard to the act charged, i.e., the first sale. Pretermitting the question of the sufficiency of the evidence to establish an issue that Jackson later concluded he was working with or for a law enforcement officer in relation to a subsequent and uncharged attempted purchase of cocaine, there simply is no credible evidence giving rise to such an issue as to the first and charged sale of cocaine.

The instructions of a trial court in a criminal case must be tailored to the charge in the indictment and adjusted to the evidence admitted in court. *Walker v. State*, 146 Ga. App. 237, 244 (246 SE2d 206). An instruction can only stand upon a base founded in the evidence. If there is no evidence giving rise to an issue, the trial court does not err in failing to give such a charge. *Pulliam v. State*, 236 Ga. 460, 466 (224 SE2d 8); *Nuckles v. State*, 137 Ga. App. 200, 204 (223 SE2d 245).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 19, 1989.

*Thacker & Thacker, Louis C. Thacker*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.