## A90A0782. MOORE v. THE STATE.
### (397 SE2d 477)

COOPER, Judge.

Appellant, indicted for criminal attempt to commit burglary and possession of tools for the commission of a crime, appeals his conviction of criminal trespass and possession of tools for the commission of a crime.

The evidence at trial showed that at approximately 5:00 a.m., Samuel Brooks, awakened by his doorbell, went to the door and found no one there. After returning to bed he was awakened a second time by the doorbell, and again no one was at the door. After a few minutes, Brooks saw someone in his driveway who walked into the street and out of Brooks' sight. Shortly thereafter, the person returned holding a bag and rang the doorbell again, but when Brooks failed to respond the person went back up the street. The person returned a fourth time, rang the doorbell and not getting any answer, proceeded to the back of the house. Brooks testified that he was standing on the inside of the door behind the draperies, within an arm's length of the individual, and he observed the man attempting to pry the door open with a screwdriver-like utensil. Brooks called the police to report the incident and when he returned to the door, the man was gone. When the police arrived, they observed the man crossing a hedge into a neighbor's yard. One officer ordered him to stop, whereupon the man dropped the bag and turned toward a wooded area. The bag contained a screwdriver, a pair of gloves and a flashlight. He was quickly apprehended, placed under arrest and was later identified by Brooks as the man who attempted to pry open his door.

1. Appellant enumerates as error the trial court's denial of his motion for directed verdict based upon his contention that there was no evidence of certain essential elements of each offense. Appellant first argues that there was no evidence of prior notice to support a conviction for criminal trespass. While prior notice is an element of criminal trespass in subsection (b) (3) of OCGA § 16-7-21, the evidence was sufficient to support a conviction under subsection (b) (1), which forbids the entry upon the premises of another for an unlawful purpose. The jury expressly found appellant guilty of criminal trespass "with intent to commit a crime" and the evidence adduced was clearly consistent with the verdict.

Appellant also contends that there was no evidence that he possessed tools commonly used in the commission of a crime or that he possessed the tools with intent to commit a crime. Appellant's reliance on *Burnette v. State*, 168 Ga. App. 578 (2b) (309 SE2d 875) (1983) is misplaced. In *Burnette*, the defendant had a hammer, a pair of pliers, screwdrivers, a hatchet and a chisel and although this court was "not prepared to hold that such tools [were] 'commonly used in

the commission of burglary,' " there was "no evidence . . . that appellant possessed such tools with the intent to use them in the commission of a crime." *Burnette*, supra at 580. In the instant case, the officer testified that screwdrivers were popular for use in burglaries and that there were fresh scratches on the door frame. Hence, the trial court did not err in denying appellant's motion for directed verdict.

Appellant enumerates as error the trial court's denial of his motion for a directed verdict on the ground of abandonment. OCGA § 16-4-5. A review of the record shows that the trial court charged the jury as to the affirmative defense of abandonment of effort to commit a crime in relation to Count I of the indictment, attempt to commit burglary. The jury apparently resolved the issue of whether or not appellant voluntarily abandoned his effort to burglarize Brooks' house by acquitting him of the charge. This affirmative defense is available only for criminal attempt and is not applicable to the lesser included offense of criminal trespass and possession of tools for the commission of a crime. These acts were completed before appellant abandoned his further efforts. See *Willis v. State*, 191 Ga. App. 251 (2) (381 SE2d 416) (1989). This enumeration is without merit.

2. Appellant maintains the trial court erred in failing to give four of his requested charges. We disagree.

(a) Appellant argues that the trial court failed to charge that "there is a presumption that no crime was committed, and the burden is upon the State to prove beyond a reasonable doubt that a crime was in fact committed." "When examining the correctness of a specific charge, we must review the charges in their entirety, as the charges to the jury are to be taken as a whole and not out of context. [Cit.]" *Mathis v. State*, 192 Ga. App. 772 (4) (386 SE2d 532) (1989).

A review of the charges given reveals the jury was instructed that appellant entered the case with a presumption of innocence; that each essential element of the offenses charged must be proven beyond a reasonable doubt; that the burden of proof rested on the State to prove appellant's guilt beyond a reasonable doubt and that a person is not presumed to act with criminal intention. "This court repeatedly has held that the trial court's failure to charge in the exact language requested is not error where the substance of the request is given in legally sufficient and correct terminology. [Cit.] In this instance the trial court has substantially charged on the matter of which appellant complains. . . . [I]t is unnecessary to give the precise language of a requested charge when the principles upon which the jury must make its decision have been clearly explained by the trial court. Such being the situation in this case, the assignment of error is without merit." *Mathis*, supra at 775.

(b) Appellant contends the trial court erred in failing to charge on circumstantial evidence exclusively and on the "two theories"

presented by the evidence. However, appellant's contention erroneously discounts the direct evidence offered at trial — Brooks' testimony that he witnessed appellant's attempted break-in with a screwdriver and the fact that a screwdriver was in the bag he dropped when confronted by the police. The charges urged by appellant were not properly adjusted to the evidence and the trial court did not err in failing to give them. See *Jackson v. State*, 191 Ga. App. 362, 363 (381 SE2d 759) (1989). In addition, "a jury charge equivalent to the requested 'two theories' charge is required only when all the evidence is circumstantial. [Cit.]" *Coleman v. State*, 189 Ga. App. 366 (6) (375 SE2d 663) (1988).

(c) Appellant argues the trial court also erred in failing to include in its charge on reasonable doubt the principle that "evidence which merely raises a suspicion of guilt is not sufficient to convict." Appellant contends the charge was necessary to assist the jury in understanding the meaning of reasonable doubt.

"While the requested charge may be a correct statement of law, its inclusion in the charge given the jury was not required because the substance of the requested charge was adequately covered in the charge given. [Cit.]" *Williamson v. State*, 186 Ga. App. 589 (3) (367 SE2d 863) (1988). Accordingly, the trial court did not err in omitting this charge.

3. Finally, appellant enumerates as error the trial court's failure to grant a new trial on the general grounds. After a review of the entire record, we find that a rational trier of fact could reasonably have found, from the evidence adduced at trial, proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 19, 1990.

*Jonathan J. Wade*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Henry M. Newkirk, Carl P. Greenberg, Assistant District Attorneys*, for appellee.