### A94A2832. EARNEST v. THE STATE.
(453 SE2d 818)

JOHNSON, Judge.

A jury found Eugene Earnest guilty of burglary. He appeals from his conviction.

1. Earnest bases his first three enumerations of error upon one premise: there can be no burglary conviction where a person is charged with entering the dwelling house of another and the evidence

shows that no one resided in the house at the time of the entry. If the owner resides elsewhere, Earnest argues, the house is not a dwelling within the meaning of OCGA § 16-7-1 and cannot be burglarized. Earnest contends, therefore, that there was a fatal variance between the allegata and the probata, the court erred in denying his motion for directed verdict and the evidence was insufficient to authorize the jury to convict·him of burglary. The evidence shows that the house sustained fire damage and while it was under repair, the owner, James Elliot, lived in another house. Elliot visited the house six days a week for repair and other purposes. In *Hess v. State*, 132 Ga. App. 26 (207 SE2d 580) (1974), the defendants were charged with burglarizing a house which was only sporadically occupied and was unoccupied at the time of the unauthorized entry. In that case we noted that "[t]here is no requirement in the law that a house be continuously occupied in order to be a 'dwelling.' It is sufficient that it is occasionally occupied for residential purposes and any such lawful occupant has a superior right as against burglars for the purpose of an indictment." (Citation and punctuation omitted.) Id. at 29 (2) (c). It is clear from the evidence both that the house was occasionally occupied and that Elliot had a superior right to possession as against Earnest. Therefore, there was no variance between the allegata and probata, the court did not err in denying Earnest's motion for a directed verdict of acquittal, and there was sufficient evidence from which a rational trier of fact could find Earnest guilty beyond a reasonable doubt of burglarizing Elliot's dwelling house. See *McCloud v. State*, 210 Ga. App. 69 (1) (435 SE2d 281) (1993); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Earnest challenges the trial court's charge to the jury on the definition of burglary. Defense counsel did nothing to preserve the alleged error at trial. In fact, when asked by the trial judge if there were any exceptions to the charge, defense counsel shook his head in the negative. Therefore, he has waived his right to assert a charging error on appeal. *Toth v. State*, 213 Ga. App. 247, 251 (7) (444 SE2d 159) (1994); *Tibbs v. State*, 211 Ga. App. 250, 252 (3) (438 SE2d 706) (1993). Moreover, even if the charge defining the offense of burglary was error as argued, and had been properly preserved for our review, we find it was harmless given the evidence adduced at trial.

*Judgment affirmed. Beasley, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 9, 1995.

*Moore & Dodgen, Andrew C. Dodgen,* for appellant.
*Douglas C. Pullen, District Attorney, Paul J. Coburn, Assistant*

*District Attorney,* for appellee.