## S03A1406. GIBSON v. THE STATE.
(591 SE2d 800)

HUNSTEIN, Justice.

Jahanon Gibson was found guilty of felony murder and child cruelty arising out of the beating death of his 25-month-old son, Jaihiem Fair. Gibson appeals, challenging the sufficiency of the evidence and the effectiveness of trial counsel.[1] Finding no error, we affirm.

---

[1] The crimes occurred on March 13 and 17, 1999. Gibson was indicted in Fulton County on March 10, 2000 on charges of murder, felony murder (based on child cruelty committed March 17), and two counts of first degree cruelty to children as committed on March 13 and 17, 1999. He was found guilty February 7, 2001 of felony murder and both counts of child

1. The jury was authorized to find that Gibson struck his son with a belt on March 13, 1999 because the child, who had a virus and diarrhea, had soiled his pants. Gibson admitted to police that he used enough force to possibly leave bruises on the victim when he struck him with the belt. When asked why he used a belt, Gibson replied, "because the whipping from the hand, he was getting used to it."

The child's mother left him in Gibson's physical custody on March 14, 1999. When she returned two days later, she found the child was listless, quiet and bruised. She sat with the child on the couch for several hours until Gibson returned home at 11:00 p.m., at which time the mother questioned Gibson about Jaihiem's condition. Gibson explained that the child had fallen off the bed earlier in the day. As Gibson walked around the house with Jaihiem in his arms, the victim was alert, but quiet. Gibson took his son into the back room alone, but later returned to the front room carrying the child. At that time the victim was in obvious pain and was contorted as if convulsing with a seizure. As they left for the hospital, Gibson urged the mother to lie and tell authorities that the victim was injured by falling down the stairs.

Expert witnesses testified that the victim died of internal bleeding as a result of blunt force trauma with lacerations of his duodenum, liver, and pancreas. Expert testimony established that the child would have experienced severe pain when the abdominal injury was inflicted.

The evidence construed in the light to support the verdict was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Gibson was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Gibson contends he received ineffective assistance of counsel based on counsel's failure to adduce at trial medical records from Jaihiem's hospital visit on March 13, 1999, which reflected that the child had no bruises at that time. Gibson contends that had counsel introduced the medical records into evidence, the jury could have concluded that the victim did not suffer excessive pain when Gibson struck him with a belt so as to support an acquittal on the child cruelty count arising out of that incident. However, the transcript reveals that the mother testified at trial that the victim did not have

---

cruelty. He was sentenced August 27, 2001 to life in prison plus ten consecutive years for the children cruelty count stemming from the March 13 incident. The other child cruelty count merged with the felony murder for sentencing. His motion for a new trial, filed September 19, 2001 and amended March 20, 2003, was denied April 2, 2003. On April 16, 2003 Gibson filed a notice of appeal to the Court of Appeals but before the case could be docketed there, *Gibson* amended his notice on May 15, 2003 to reflect an appeal to this Court. The case was docketed June 11, 2003 and was submitted for decision on the briefs.

bruises after the March 13th hospital visit. Thus, the medical records would have been cumulative of her testimony at trial. Gibson accordingly cannot establish how counsel's performance, even if deficient, prejudiced his defense so as to support a claim of ineffective assistance of counsel. See *Ramey v. State*, 239 Ga. App. 620 (2) (521 SE2d 663) (1999). See generally *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*Sharon L. Hopkins*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.