A05A1250. WEEKS v. THE STATE.
(616 SE2d 852)

BLACKBURN, Presiding Judge.

Following a jury trial that resulted in his conviction of attempted burglary[1] and of possession of tools for the commission of a crime,[2] Earlie Leon Weeks appeals, challenging the sufficiency of the evidence and arguing that the proof fatally varied from the indictment.

---

[1] See OCGA §§ 16-4-1; 16-7-1 (a).

[2] See OCGA § 16-7-20 (a).

We hold that the evidence was sufficient and that the variance was not fatal. Accordingly, we affirm.

On appeal from a criminal conviction, we review the evidence in a light favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Smith v. State.*[3] We neither weigh the evidence nor resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt. Id. See *Jackson v. Virginia.*[4]

Viewed in this manner, the evidence shows that, for a period of six years, the owner of a residential lot had been building a house on that lot, the exterior of which was 100 percent complete and the interior of which was approximately 75 percent complete. The owner kept valuable construction tools inside the house when he was not there. Concerned about a rash of burglaries at his house, the owner and his roommate checked on the house early one morning (between the hours of 1:00 a.m. and 2:00 a.m.) and discovered Weeks standing in the carport at the door to the house. The door was open, and the door frame showed damage from having been pried open; a pry bar was nearby. The owner and the roommate held Weeks at bay with a gun until police arrived. In Weeks's back pocket, police found a screwdriver, a flashlight, and a pair of cloth gloves.

Weeks was indicted on two counts: burglary and possession of tools for the commission of a crime. The burglary count charged Weeks as follows:

> THE GRAND JURORS . . . charge and accuse [Weeks] with the offense of BURGLARY for that the said accused in the County of Whitfield and the State of Georgia on or about the 20th day of November, 2003, did, without authority and with the intent to commit a theft therein, enter the dwelling house of another, to wit: Anthony Sexton, located adjacent to the property of Bobbie & Dottie Faith located at 2479 Mill Creek Road, contrary to the laws of said State, the good order, peace and dignity thereof.

Following the presentation of the State's case, Weeks moved for a directed verdict on the burglary count, arguing that, because the house was under construction, the proof did not establish the structure as a dwelling house as charged in the indictment. The court

---

[3] *Smith v. State,* 273 Ga. App. 107 (1) (614 SE2d 219) (2005).
[4] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

denied the motion. A jury found him guilty on the possession count but found him guilty of the lesser offense of attempted burglary on the burglary count.

1. The evidence suffices to sustain the attempted burglary conviction. "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. "A person commits the offense of burglary when, without authority and with the intent to commit a . . . theft therein, he enters . . . the dwelling house of another . . . or enters . . . any other building . . . or any part thereof." OCGA § 16-7-1 (a). A house under construction which is so far completed as to be capable of providing shelter to people, animals, or property constitutes a building under this statute. *Smith v. State*.[5]

Here the evidence showed that Weeks without authority took the substantial step of prying open the carport door of the house, the exterior of which was 100 percent complete. The storing of valuable goods in the building "may give rise to an inference of an intent to commit a theft therein, particularly where no other motive is apparent for the entry." *Thompson v. State*.[6] Thus, evidence of all elements of the crime of attempted burglary was present.

Nevertheless, Weeks argues that the indictment specified that the building was a "dwelling house," and that a "dwelling house" under the burglary statute refers to the residence or habitation of a person other than the defendant, where such person makes his abode. See *Mash v. State*.[7] Because the evidence clearly showed that the house under construction was no one's residence or abode, Weeks argues the evidence does not sustain the conviction.

However, Weeks's argument is not a challenge to the sufficiency of the evidence, for the evidence sufficed to show that this was a building under the statute and therefore could be burglarized. Rather, properly characterized, Weeks's argument is a claim that the evidence fatally varied from the allegations of the indictment. In other words, Weeks claims that the evidence proved he committed attempted burglary on a building, not on a dwelling house as charged in the indictment.

It is true that the allegations of the indictment did vary from the proof in this regard, for there was no showing that the house was used at any time as a residence or abode. See *Earnest v. State*[8] (to be

---

[5] *Smith v. State*, 226 Ga. App. 9, 11-12 (485 SE2d 572) (1997).

[6] *Thompson v. State*, 271 Ga. 105, 107 (1) (519 SE2d 434) (1999).

[7] *Mash v. State*, 90 Ga. App. 322 (2) (82 SE2d 881) (1954).

[8] *Earnest v. State*, 216 Ga. App. 271, 272 (1) (453 SE2d 818) (1995), quoting *Hess v. State*,

"dwelling" for purposes of burglary statute, house must be "occasionally occupied for residential purposes") (punctuation omitted). The State argues that this variance was not fatal; we agree.

> We no longer adhere to an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance "fatal."

(Citation omitted.) *Flanagan v. State.*[9]

Several burglary cases have applied this principle. *Rubaldino v. State*[10] held a variance was not fatal where the indictment charged defendant with unlawfully entering a dwelling house to commit an assault, whereas the proof showed that the defendant lawfully entered the house but unlawfully entered a tenant's bedroom in the house to commit an assault. *Edward v. State*[11] held a variance was not fatal where the indictment charged the correct address of the burglary but may have misidentified the house's owner. See *Abney v. State*[12] (misidentifying a house's caretaker as its owner was not fatal). *Flanagan,* supra at 124-125 (2), upheld an attempted burglary conviction where the indictment charged that the defendant had pried open a door of a certain building, whereas the evidence showed he tried to pry the door open but was unsuccessful. None of these variances prejudiced the defendant's ability to defend the case nor subjected him to a possible second prosecution.

Here, the allegations correctly described the structure being unlawfully entered as belonging to Anthony Sexton and as being adjacent to other property having the address of 2479 Mill Creek Road in Whitfield County. The indictment further identified the date of the attempted burglary. Specifically describing the structure's location and owner and the date of the burglary, the allegations

---

132 Ga. App. 26, 29 (2) (c) (207 SE2d 580) (1974).

[9] *Flanagan v. State*, 265 Ga. App. 122, 125 (2) (592 SE2d 894) (2004).

[10] *Rubaldino v. State*, 271 Ga. App. 726, 727-728 (1) (611 SE2d 68) (2005).

[11] *Edward v. State*, 261 Ga. App. 57, 59 (2) (581 SE2d 691) (2003).

[12] *Abney v. State*, 240 Ga. App. 280, 281-282 (2) (523 SE2d 362) (1999).

definitely informed Weeks as to the charges against him so as to enable him to present his defense and not to be taken by surprise. The allegations were further adequate to protect Weeks against another prosecution for the same offense. The indictment's description of the structure as a dwelling house as opposed to a building "did not mislead [Weeks] in such a manner that impeded his ability to present a subsequent defense or surprise him at trial, and he cannot be subjected to a subsequent prosecution for the burglary of the [building] in question. Thus, [Weeks] has failed to show that any variance was fatal." (Footnote omitted.) *Edward*, supra at 59 (2).

2. Regarding the second count, Weeks does not challenge that possession of a screwdriver, gloves, and flashlight near a house at an early morning hour where the door frame evinces a recent forced entry sustains a conviction for possessing tools for the commission of a crime. See *Moore v. State*.[13] Rather, Weeks argues that no evidence showed that he ever held the screwdriver, gloves, or flashlight in his hands.

Inasmuch as the tools were found on his person, no such further showing of possession was necessary. The defendant in *Anderson v. State*[14] similarly argued that no witness saw him actually using or holding the burglary tools; we held that discovery of the tools in the defendant's open car near a burglary in the middle of the night sufficed to sustain the possession of tools conviction. See *Manous v. State*[15] (discovery of screwdriver and gloves in area of woods where defendant ran from building where forced entry occurred — as well as tools found in defendant's nearby car — sustained possession of tools conviction).

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JUNE 29, 2005.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.
*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.

---

[13] *Moore v. State*, 197 Ga. App. 9, 10 (1) (397 SE2d 477) (1990).
[14] *Anderson v. State*, 264 Ga. App. 362, 363-364 (1) (590 SE2d 729) (2003).
[15] *Manous v. State*, 205 Ga. App. 804, 805 (1) (423 SE2d 721) (1992).