## A06A0786. MINOR v. THE STATE.
(629 SE2d 44)

BLACKBURN, Presiding Judge.

Following a bench trial, Bobby Lee Minor appeals his conviction of criminal attempt at burglary, contending that the evidence was insufficient to support his conviction. We disagree and affirm.

> The standard of review for sufficiency of the evidence [in a criminal case] is set out in *Jackson v. Virginia*.[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

*Taylor v. State.*[2]

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).

So viewed, the evidence shows that shortly after midnight, Cynthia Martin was awakened in her home by the sound of her dogs barking and a loud banging sound in her back yard. Looking out her window, she saw a man at her back yard storage shed striking the shed door handle with an object. She immediately called 911 and a patrol officer in her neighborhood responded to a dispatch call, arriving less than a minute after receiving the call.

Upon arriving at Martin's house, the officer saw Minor walking from the shed toward the rear of Martin's house, where he made contact with Minor. After securing Minor, the officer showed Minor's driver's license to Martin, and she did not recognize his name or photograph. When the officer checked the storage shed, which contained a lawnmower and household furnishings, he found the door damaged and ajar, with the broken door handle and pieces of a shattered brick lying on the ground beneath the door. Neither the officer nor Martin saw anyone else in the yard.

Based on this evidence, Minor was indicted for criminal attempt at burglary. Following a bench trial in which he was found guilty, Minor's motion for a new trial was denied, giving rise to this appeal.

Minor contends that the evidence did not support his conviction, in that his intent to commit a theft was not proven beyond a reasonable doubt. We disagree.

"A person commits the offense of burglary when, without authority and with the intent to commit a . . . theft therein, he enters . . . the dwelling house of another . . . or enters . . . any other building . . . or any part thereof."[3]

> In order to commit the offense of criminal attempt, a person must have the intent to commit a specific crime.[4] The question of intent to commit burglary is for the determination of the [factfinder] under the facts and circumstances proved. As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. The presence of valuables inside the premises[ ] could support an inference of the intent to steal particularly when no other motive is apparent.

(Citations and punctuation omitted.) *Legg v. State.*[5]

Here, the evidence supported a finding that Minor without authority took the substantial step of knocking off the shed door

---

[3] OCGA § 16-7-1 (a).
[4] OCGA § 16-4-1.
[5] *Legg v. State*, 204 Ga. App. 356, 357 (1) (419 SE2d 151) (1992).

handle. The presence of valuable goods in the shed, i.e., a lawnmower and furnishings, could "give rise to an inference of an intent to commit a theft therein, particularly where no other motive [was] apparent for the entry" into the shed. *Thompson v. State.*[6]

Minor testified that he was in Martin's back yard because he was looking for Martin's son, who was not living with Martin at the time, from whom he wanted to buy marijuana. "Although [Minor] denied his intention to commit a theft, it is axiomatic that the credibility of the witnesses is solely a [factfinder] question. Questions of reasonableness are likewise issues for [factfinder] determination." (Citations and punctuation omitted.) *Legg*, supra. Therefore, in light of the contents in the shed, and viewing the evidence in a light most favorable to the verdict, there was sufficient evidence from which a rational trier of fact could find Minor guilty of attempted burglary beyond a reasonable doubt. See *Weeks v. State.*[7]

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 21, 2006.

*John L. Tracy*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[6] *Thompson v. State*, 271 Ga. 105, 107 (1) (519 SE2d 434) (1999).
[7] *Weeks v. State*, 274 Ga. App. 122, 124 (1) (616 SE2d 852) (2005).