## A08A1249. SANDERS v. THE STATE.

(667 SE2d 396)

PHIPPS, Judge.

After a jury trial, William Morris Sanders was convicted of burglary,[1] possession of tools for the commission of a crime (theft),[2] and giving a false name to a law enforcement officer.[3] His motion for new trial was denied. Sanders contends on appeal that the evidence did not authorize the guilty verdict on the charge of giving a false name to a law enforcement officer, that he was entitled to a jury instruction on criminal trespass as a lesser included offense of burglary, and that his trial counsel was ineffective. We affirm.

---

[1] See OCGA § 16-7-1 (defining burglary).

[2] See OCGA § 16-7-20 (defining possession of tools for the commission of crime).

[3] See OCGA § 16-10-25 (defining giving false name to law enforcement officer).

The state's evidence showed the following. At about 7:45 a.m. on Sunday, January 15, 2006, two police officers and an officer-recruit were dispatched to 130 Ferrill Street in Savannah in response to a report that suspicious noises were coming from a house under construction there. They arrived to find the house "boarded up as if no one was there," with hurricane shutters covering windows and plywood across its exterior doorways. But noticeably, the plywood across a side doorway appeared to have been pried off, then left leaning on the house.

The officers peered through a window and observed a man standing beside a detached air conditioning unit in the middle of the ground floor of the house. The man was using a screwdriver to remove duct pipes protruding from the unit. One such pipe appeared to have simply been "ripped from the rest of the piping." The man had a tool belt and a large purse, both filled with various items, including screwdrivers, wrenches, pliers, and a knife.

The officers and the recruit entered the house. When the officers asked the man for his name and birth date, he gave the name "Willie Cone" and a date. A police officer was unable to obtain any information for a person with that identification, and the man "clarified" that his last name was "Cohen." However, the officer again was unable to obtain any information for such a person. Responding to additional police questioning, the man claimed he was performing electrical work for a contractor whom he knew only as "Anthony." He stated that he had no contact information for Anthony, but that the officers might possibly verify his claim by calling "Home Depot." Finding the man's story too vague to investigate and unable to obtain any other specifics from him, the officers summoned to the scene the property owner, Aaron Fox.

Fox was also the owner of the company constructing the house, and he personally supervised the job site on a daily basis. The officers asked Fox to identify the man; Fox could not. The man was not the heating-and-air contractor. What is more, Fox recalled that at the close of the previous workday, the air conditioning unit had been in the attic and connected to duct work there. According to Fox, he and "the City of Savannah [had] inspected it," and "there was no more work to be done to the unit in the attic." Indeed, Fox did not recognize the man as having been a worker of any kind at that job site. He adamantly complained to the officers (and subsequently testified at trial) that the man had no authority to be inside his house. Not until after the man was arrested did he reveal to the officers his true identity: it was Sanders.

1. Sanders argues that, because he eventually gave his name to police, he "withdrew" from the crime of giving a false name to a law enforcement officer and thus could not be found guilty of that crime.

However, the evidence was sufficient to authorize the jury's verdict of guilty on the charge of giving a false name to a law enforcement officer.[4]

2. Sanders contends that the trial court erred by refusing to instruct the jury on criminal trespass under OCGA § 16-7-21 (b) (1) as a lesser included offense of burglary.[5] We disagree.

A person commits burglary under OCGA § 16-7-1 (a) when

> without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

A person commits criminal trespass under OCGA § 16-7-21 (b) (1) when he "knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose."

(a) Where, as here, "the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense."[6] During closing argument, Sanders's attorney cited Sanders's account to the officers at the scene that, at the behest of a contractor named Anthony, Sanders was in the house to perform electrical work. Further arguing that the state's case included no evidence of any police investigation revealing Sanders's account to be false, the attorney urged that the state had failed to prove beyond a reasonable doubt the burglary charge. As to this charge, if the jury believed the state's evidence, Sanders was guilty of burglary; but if the jury accepted Sanders's defense to that crime, he would have been guilty of no offense at all. Because the trial court correctly determined that the evidence as to this charge showed that Sanders had either committed the crime of burglary or committed no crime at all, it did not err by refusing to instruct the jury on criminal trespass.[7]

---

[4] See *Davis v. State*, 270 Ga. App. 777 (1) (607 SE2d 924) (2004) (regarding review for sufficiency of the evidence), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Hiley v. State*, 245 Ga. App. 900 (539 SE2d 530) (2000) (criminal trespass under OCGA § 16-7-21 (b) (1) is a lesser included offense of burglary).

[6] *Johnson v. State*, 275 Ga. App. 21, 24 (6) (619 SE2d 731) (2005) (citation and punctuation omitted).

[7] See *Moore v. State*, 280 Ga. App. 894, 898 (6) (c) (635 SE2d 253) (2006) (where state's evidence showed defendant entered building with the intent to commit theft and defendant

(b) Sanders points out that the indictment charged that he "entered and remained within the dwelling house of another, to wit: Aaron Fox, located at 130 Ferrill Street in Savannah." Citing evidence that the house was not completely constructed, Sanders asserts that the state failed to show that the structure was a dwelling house as contemplated by the burglary statute.

It is true that for purposes of that statute, "dwelling house" has been defined as a "residence or habitation of a person other than the defendant, where such person makes his abode."[8] It is also true that the crime of criminal trespass under OCGA § 16-7-21 (b) (1) does not require that the property at issue constitute a residence, habitation, or place of abode. But even without a showing that the house at issue in this case constituted a "dwelling house," the evidence did not authorize a jury instruction on criminal trespass. "A house under construction which is so far completed as to be capable of providing shelter to people, animals, or property constitutes a *building* under [the burglary] statute."[9] This results because "Georgia's burglary statute is very broad and does not limit its application to buildings of any particular type or in any particular condition."[10] Unquestionably, the evidence showed the house under construction to be a building under the burglary statute,[11] and Sanders makes no contrary assertion. Because the evidence established all the elements of burglary, and under Sanders's defense as to the burglary charge, he would have been guilty of no offense at all,[12] a charge on the lesser included offense was not required.[13]

(c) We will not ignore that Sanders's argument demonstrates a variance between the allegata and probata. The evidence proved that

---

testified that he entered building for a lawful purpose, there was no evidence that defendant entered for any other unlawful purpose and thus defendant was not entitled to a jury instruction of criminal trespass under OCGA § 16-7-21 (b) (1)); *Johnson*, supra at 24-25; but see *Hiley*, supra at 901 (determining that an instruction on criminal trespass as a lesser included offense of burglary should have been given, where it could have been inferred from the evidence that the defendant unlawfully entered a house for some unlawful purpose other than a felony or theft).

[8] *Mash v. State*, 90 Ga. App. 322 (2) (82 SE2d 881) (1954) (citations omitted); see also *Earnest v. State*, 216 Ga. App. 271, 272 (1) (453 SE2d 818) (1995) (there is no requirement that a house be continuously occupied to be a dwelling; it is sufficient that it is occasionally occupied for residential purposes and any such lawful occupant has a superior right as against burglars).

[9] *Weeks v. State*, 274 Ga. App. 122, 124 (1) (616 SE2d 852) (2005) (citation and footnote omitted; emphasis supplied).

[10] *Redfern v. State*, 246 Ga. App. 572, 574-575 (540 SE2d 701) (2000) (citations and punctuation omitted).

[11] See *Weeks*, supra; *Smith v. State*, 226 Ga. App. 9, 11-12 (485 SE2d 572) (1997); but see *Redfern*, supra (finding that the broad meaning given to the term "building" under the burglary statute did not encompass a 2,000-foot-high broadcast tower).

[12] See Division 2 (a), supra.

[13] See *Moore*, supra; *Weeks*, supra.

he committed burglary on a building, not on a dwelling house as charged. Nevertheless, our examination of the record reveals that this variance was not fatal.

> We no longer adhere to an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance fatal.[14]

Here, the burglary charge correctly described that the house structure unlawfully entered belonged to "Aaron Fox," adequately specified its location, and identified January 15, 2006, as the date of the crime.

> Specifically describing the structure's location and owner and the date of the burglary, the allegations definitely informed [Sanders] as to the charge[ ] against him so as to enable him to present his defense and not to be taken by surprise. The allegations were further adequate to protect [Sanders] against another prosecution for the same offense. The indictment's description of the structure as a dwelling house as opposed to a building did not mislead [Sanders] in such a manner that impeded his ability to present a subsequent defense or surprise him at trial, and he cannot be subjected to a subsequent prosecution for the burglary of the building in question. Thus, [Sanders] has failed to show that any variance was fatal.[15]

3. Sanders claims that his trial counsel rendered ineffective assistance. To prevail on a claim of ineffective assistance of counsel,

> a defendant must establish, pursuant to *Strickland v. Washington*,[16] that counsel's performance was deficient and

---

[14] *Weeks*, supra at 125 (citation, punctuation and footnote omitted).
[15] Id. at 125-126 (citation and punctuation omitted).
[16] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

that the deficient performance was prejudicial to his de-
fense. . . . In reviewing a trial court's determination regard-
ing a claim of ineffective assistance of counsel, this court
upholds the trial court's factual findings unless they are
clearly erroneous; we review a trial court's legal conclusions
de novo.[17]

We need not address both components of the *Strickland* test if the
showing on one is insufficient, nor must we address the components
in any particular order.[18]

Specifically, Sanders argues that his trial lawyer failed to fully
prepare and present a defense concerning (i) a contractor named
Anthony and (ii) the construction stage of the house at the time of
the incident. Regarding a contractor named Anthony, Sanders's trial
counsel acknowledged at the motion for new trial hearing that
Sanders had informed him that he (Sanders) was inside the house to
perform work at the request of a contractor named Anthony. The
attorney further recounted that Sanders had given him a telephone
number to call Anthony, that he had called the number provided,
that he left a message, but that no one returned his call. Thus,
Anthony did not testify at Sanders's trial. Sanders asserts in his
appellate brief that Anthony would have been a "material witness."
But at the hearing on motion for new trial, Sanders did not present
Anthony as a witness, did not demonstrate that Anthony's where-
abouts were ascertainable at the time of Sanders's trial, and did not
present any evidence that Anthony could have aided his defense.

Regarding the stage of construction work on the house, Sanders
complains on appeal that his trial lawyer did not visit the construc-
tion site early in the case and consequently took no photographs to
show the jury that the house was not completely constructed as of
the date of the incident. Sanders also points out that the state
introduced in evidence three photographs of the house in its com-
pleted stage. He argues that without photographs showing that the
house was still under construction at the time of the underlying
incident, the jury was allowed to conclude that the state had proved
that the structure was a dwelling house.

The trial transcript confirms that any photographs of the house
at or around the time of the incident would have been merely
cumulative of the undisputed testimony that the house was not fully
constructed on the day of the crimes underlying this case. Each of
the state's witnesses who were at the scene that day — Fox, the two
officers, and the officer-recruit — described the house as then under

---

[17] *Espinosa v. State*, 285 Ga. App. 69, 72 (2) (645 SE2d 529) (2007) (footnotes omitted).
[18] *Turner v. State*, 253 Ga. App. 760, 763 (6) (560 SE2d 539) (2002).

540

construction. Indeed, one of the officers testified that, on that day, the house was "boarded up" and no one was living there. Furthermore, Fox, as well as an officer, clarified that on the date of the burglary, the house did not appear as shown by the photographs.

Having examined the record in this case, we conclude that as to both matters — a contractor named Anthony and photographs that would have depicted the house in its state on or close to the date of the crimes underlying this case — Sanders has failed to establish how trial counsel's performance, even if deficient, resulted in prejudice so as to support a claim of ineffective assistance of counsel.[19]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 15, 2008.

*Davis Cohen*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.

---

[19] See *Bell v. State*, 278 Ga. 69, 73 (6) (597 SE2d 350) (2004); *Gibson v. State*, 277 Ga. 486, 487-488 (2) (591 SE2d 800) (2004); *Morgan .v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002).